Peter R Afrasiabi (SBN 193336)
Email: pafrasiabi@onellp.com
Deepali A. Brahmbhatt (SBN 255646)
Email: dbrahmbhatt@onellp.com
ONE LLP
4000 MacArthur Blvd., East Tower, Suite 500
Newport Beach, CA 92660
Telephone:   (949) 502-2870
Direct:       (650) 600-1298
Facsimile:   (949) 258-5081

John E. Lord (SBN 216111)
Email: jlord@onellp.com
ONE LLP
9301 Wilshire Blvd., Penthouse Suite
Beverly Hills, CA 90210
Telephone:   (310) 866-5157
Facsimile:   (310) 943-2085

Attorneys for Plaintiffs
Jay Brodsky, Brian Tracey, Alex Bishop
and Brendan Schwartz

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAY BRODSKY, BRIAN TRACEY, ALEX BISHOP and BRENDAN SCHWARTZ, each on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>APPLE INC., a California corporation,<br><br>Defendant. | Case No. 5:19-CV-00712-LHK<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs Jay Brodsky ("Plaintiff Brodsky"), Brian Tracey ("Plaintiff Tracey"), Alex Bishop ("Plaintiff Bishop") and Brendan Schwartz ("Plaintiff Schwartz"), herein collectively ("Plaintiffs") by and through their counsel, bring this Class Action Complaint against Defendant Apple, Inc. ("Apple" or "Defendant"), on behalf of themselves and all others similarly situated, and alleges upon personal knowledge as to their own actions, and upon information and belief as to counsel's investigations and all other matters, as follows:

## NATURE OF THE ACTION

1. Plaintiffs bring this privacy and trespass class action lawsuit against Apple, based on Apple's locking out each of the Plaintiffs from use of his personal devices by a business policy requiring two-factor authentication that cannot be disabled after a lapse of an initial fourteen (14) days.

2. Once two-factor authentication is enabled either by default, on a software update or accidentally by a user and 14 days have lapsed, Apple does not allow any mechanism to disable two-factor authentication. Two-factor authentication imposes an extraneous logging in procedure that requires a user to both (i) remember password; and (ii) have access to a trusted device or trusted phone number to receive an additional six-digit code that needs to be entered at the time of logging in addition to the user set password. A user does not have an option to disable such doubled up security measures and is stuck with wasting time to log on to his own device. Two-factor authentication requires additional steps to access any third-party apps or services requiring passwords. Two-factor authentication is required each time you turn on a device.

3. Apple does not get user consent to enable two-factor authentication. Apple does not get user consent to then *remove the option forever* to disable two-factor authentication, once it is enabled. An email with a long paragraph thanking the user and highlighting the good features of two-factor authentication followed by a simple single last line in an email saying that the link will expire on a given date is insufficient to put the user on notice of his options and make an informed decision as to whether to click the link to disable it.

4. By mandating two-factor authentication, Apple tracks user login activity through its internet or cloud-based servers. Apple is controlling and interfering with the usage of user's own devices and access to services.

5. As a result of Apple's coercive policies with regards to security of Plaintiffs owned devices, Plaintiffs and millions of similarly situated consumers across the nation have been and continue to suffer harm. Plaintiffs and Class Members have suffered economic losses in terms of the interference with the use of their personal devices and waste of their personal time in using additional time for simple logging in.

6. Plaintiffs and the Class seek monetary damages as well as declaratory and injunctive relief to prevent Apple from continuing its practice of not allowing a user to choose its own logging and security procedure.

## PARTIES

7. Plaintiffs in this action are Jay Brodsky, Brian Tracey, Alex Bishop and Brendan Schwartz, individuals residing in the United States.

8. Apple, the designer, manufacturer, and vendor of the smartphones and laptops and service provider of services associated with Apple ID, is a California corporation. It maintains its headquarters and principal place of business in Cupertino, California. Upon information and belief, Apple made all decisions and actions referenced herein at or near its corporate headquarters in Cupertino, California, or elsewhere in the state of California.

9. Apple transacts substantial business throughout California, including implementing the business policies relating to logging into Apple manufactured and/or sold devices and services associated with a user's Apple ID including but not limited to, App Store, Apple Music, iMessage, iTunes, iCloud, FaceTime and more. It is believed and alleged that substantially all of the conduct giving rise to the claims brought by Plaintiffs occurred or emanated from California.

## JURISDICTION AND VENUE

10. This Court has subject-matter jurisdiction over this action pursuant to Title 28, United States Code, Section 1331.

11. Venue is proper in this District under Title 28, United States Code, Section 1391(b) because defendant Apple, Inc. is a corporation headquartered in Cupertino in the State of California.

12.     In addition, venue is proper in this District under Title 28, United States Code, Section 1391(b) because Defendant's improper conduct alleged in this complaint occurred in, was directed from, and/or emanated from this judicial district.

### STATEMENT OF FACTS

13.     Apple, Inc. is a multi-billion dollar company that, at one point, was ranked first by market value in 2018.  Apple regularly markets and touts its privacy policies to be favorable to an individual and people similarly situated like Plaintiff.  *See*, for example, Apple's recent advertisement at Consumer Electronics Show at Las Vegas, 2019.



14.     Apple designs, manufactures, markets and sells consumer devices including smartwatches, iPhones, iPads, Macbooks, iMacs, and Apple TVs (collectively, "Apple devices").  When a consumer purchases an Apple device, the purchased Apple device becomes the personal property of the consumer.  Apple no longer has any ownership or property rights to the Apple devices after sale.  Each Apple device after purchase is associated with an Apple ID that is the consumer (owner) email address.



(https://getsupport.apple.com/ showing Apple devices last accessed January 11, 2019)

15. Apple provides services including but not limited to, App Store, Apple Music, iMessage, iTunes, iCloud, FaceTime and more (collectively, "Apple Services") that require a logging in using Apple ID.



(https://getsupport.apple.com/ showing Apple ID services last accessed January 11, 2019)



(https://support.apple.com/en-us/HT201303 last accessed on January 8, 2019.)

16. Apple enables Two-factor authentication ("2FA") for Apple ID when: (i) a software update occurs on one of the Apple devices; (ii) on creation of a new Apple ID, or (iii) owner of the Apple device turns on two-factor authentication in the Settings.




(Screenshots of Plaintiff's iPhone requesting six-digit verification code.)

17. 2FA requires input of a six-digit verification code that is displayed on another trusted device (not the device that you are currently trying to log into.) Password alone is no longer enough to access your account. Logging in becomes a multiple-step process. First, Plaintiff has to enter his selected password on the device he is interested in logging in. Second, Plaintiff has to enter password on another

trusted device to login. Third, optionally, Plaintiff has to select a Trust or Don't Trust pop-up message response. Fourth, Plaintiff then has to wait to receive a six-digit verification code on that second device that is sent by an Apple Server on the internet. Finally, Plaintiff has to input the received six-digit verification code on the first device he is trying to log into. Each login process takes an additional estimated 2-5 or more minutes with 2FA.




(Screenshots of Plaintiff's iPhone requesting six-digit verification code.)

18.  Subsequent to 2FA enablement, in some instances, Apple sends an email to the owner of the Apple ID with an *unobtrusive last line* stating that the link will expire on a date that is 14 days after the date of enablement.

/ / /

/ / /

/ / /

> Thank you for enabling two-factor authentication for your Apple ID (a·····@gmail.com).
>
> Two-factor authentication is an additional layer of security designed to ensure that you're the only person who can access your account, even if someone knows your password. This significantly improves the security of your Apple ID and helps protect the photos, documents, and other data you store with Apple. For more information read Two-Factor Authentication for Apple ID.
>
> If you didn't enable two-factor authentication and believe someone else has access to your account, you can return to your previous security settings. This link and your Apple ID security questions will expire on October 15, 2018.

(Sample Email from Apple Support).

19. Plaintiff Brodsky owns one or more Apple devices including an iPhone and two Macbooks. Plaintiff Brodsky's Apple devices had a software update that enabled 2FA for Apple ID without his knowledge or consent on or around September of 2015.

20. Plaintiff Tracey owns one or more Apple devices including three Macbooks and three iPads excluding an iPhone. Plaintiff Tracey was forced to enable 2FA for a software update on his Apple devices. He works as a MacAdmin and manages over 400 Apple Devices. When he has to travel to a client location for work reasons, Plaintiff Tracey cannot login to his personal account to access Apple Services and his personal Apple device because traveling with an additional trusted device is not feasible.

21. Plaintiff Bishop, at the offset and based on an unforeseen consequence outside of his control, lost access to his trusted device to receive his 2FA passcode. Apple locked him out and placed him in account recovery for days with no access to his Apple Services. He could not enable and associate his new Apple Device with his Apple ID. Apple continued to charge him for Apple Services including iTunes Music Membership and iCloud during the period of his lock out.

22. Plaintiff Schwartz, at the offset and based on events outside of his control, lost access to his trusted device to receive his 2FA passcode. Apple locked him out and placed him for months in account recovery with no access to his Apple Device and Services. Plaintiff Schwartz made good-faith efforts to redeem the situation including informing Apple of lost access to his trusted device and readiness to prove his identity with other means including providing government issued identification documents. Apple's subsequent long delay in recovering his Apple account are a clear violation of Plaintiff Schwartz's rights.

23. When Apple Account with 2FA is locked, "you need a trusted device or trusted phone number to unlock your Apple ID." (https://support.apple.com/en-us/HT204106). When a trusted device or trusted phone number is inaccessible, the Apple ID is placed in account recovery. Apple admits that "it might take several days or longer before you can use your account again." (https://support.apple.com/en-us/HT204921).

24. Apple forces Plaintiffs to use 2FA that requires additional login steps each time Plaintiffs' Apple devices are powered on. Plaintiffs are also required to use 2FA to log on to Apple Services. Plaintiffs are also required to use 2FA for third-party Apps on their Apple devices.

25. Apple 2FA disables login when Plaintiffs devices are offline, i.e. not connected to the internet. Access to a trusted device or trusted phone number is not always feasible, leaving Plaintiffs locked out of their own devices and without access to Apple Services. Even with access to a trusted device or a trusted phone number, Plaintiffs login process with 2FA is cumbersome and delay-ridden. Apple is continuously and on an ongoing basis making Plaintiffs own devices inaccessible for intermittent periods of time.

26. Apple tracks Plaintiffs' login activities through 2FA that requires connecting with Apple's servers on the internet.

27. Apple's conduct in creating and enforcing its 2FA policy has directly harmed and injured Plaintiffs.

28. The class period began when Apple introduced 2FA in 2015.

## CLASS ALLEGATIONS

29. Plaintiffs brings this action pursuant to Fed. R. Civ. P. 23(a),(b)(2), and (b)(3), on behalf of themselves and the following proposed Class:

> All persons or entities in the United States who own or owned an Apple Watch, iPhone, iPad, MacBook, or iMac or use Apple Services that have enabled two-factor authentication ("2FA"), subsequently want to disable 2FA, and are not allowed to disable 2FA.

30. Plaintiff Tracey also seeks to represent the following Subclass-1:

> All persons or entities in the United States who own or owned an Apple Watch, iPhone, iPad, MacBook, or iMac or use Apple Services that enabled two-factor authentication

("2FA") as a mandated step for a software upgrade, subsequently want to disable 2FA, and are not allowed to disable 2FA.

31. Plaintiffs Bishop and Schwartz also seeks to represent the following Subclass-2:

All persons or entities in the United States who own or owned an Apple Watch, iPhone, iPad, MacBook, or iMac or use Apple Services that have enabled two-factor authentication ("2FA"), subsequently lost access to their trusted device or means to receive 2FA codes, and then want to disable 2FA, are not allowed to disable 2FA and are locked out of their devices and Services.

32. Excluded from the proposed class are Apple, its employees, officers, directors, legal representatives, heirs, successors, subsidiaries and affiliates, and the judicial officers and their immediate family members and associated court staff assigned to this case, as well as all persons who make a timely election to be excluded from the proposed class, subclass-1 and subclass-2.

33. Certification of Plaintiffs claims for classwide treatment is appropriate because Plaintiffs can prove the elements of their claims on a classwide basis using the same evidence they would use to prove those elements in individual action alleging the same claims.

34. This action meets all applicable standards of Fed. R. Civ. P. 23 for class certification, in that Plaintiffs can demonstrate the elements delineated below.

35. <u>Numerosity</u>. The members of the proposed Class and Subclasses are so numerous and geographically dispersed that individual joinder of all proposed class members is impracticable. *See* Fed. R. Civ. P. 23(a)(1).  While Plaintiffs believe that there are millions of members of the proposed class, the precise number of Class members is unknown, but may be ascertained from Apple's books and records. Apple maintains a list of users that have enabled 2FA.  Apple including its Apple Stores and Apple Support routinely receive requests from users to disable 2FA and are told by Apple in response that disabling 2FA is not an option available to the user.

36. To the extent a Class Member has been passive based on reading publicly available postings on this topic and not made a request to disable 2FA that can be traced to Apple's books and records, Apple can easily send out a request for an online survey to all users of 2FA to ascertain whether that particular Class Member wants an option to disable 2FA and whether that particular Class Member wants to opt-out of the Class.

37. Applying a reasonable and prudent person standard to the users of 2FA under the same or similar circumstances, each user would qualify to be a Class Member requesting the right to enable or

disable Apple's 2FA at will. Any reasonable and prudent person under the same or similar circumstances wants to have the flexibility to use additional security measures on the Apple Devices and/or Services customized to his or her daily needs. Any reasonable and prudent person would want to access his Apple Devices when not connected to the internet. Any reasonable and prudent person would not want his account locked up for a lengthy period of time subsequent to losing access to a trusted device or means to receive 2FA passcodes.

38. Class members may be notified of the pendency of this action by recognized, court approved notice dissemination methods, which may include U.S. mail, e-mail, internet postings, and/or published notice.

39. <u>Commonality and Predominance.</u> This action involves common questions of law and fact, which predominate over any questions affecting individual Class members. *See* Fed. R. Civ. P. 23(a)(2) and (b)(3). These include, without limitation:

    a.    Whether Apple engaged in the conduct alleged in this Complaint;

    b.    Whether Apple designed, advertised, marketed, distributed, sold or otherwise placed Apple devices into the stream of commerce in the United States;

    c.    Whether Apple's two-factor authentication policy regarding not allowing users to disable two-factor authentication once enabled and fourteen days have lapsed is coercive and extraneous for a user to log on to his own personal device and/or access Apple Services and Third-Party Apps;

    d.    Whether Apple's tracking of Plaintiffs' and the Class Members' login activities is lawful;

    e.    Whether Plaintiffs and members of the Class are injured and harmed directly by inaccessibility to their own devices and Apple Services by Apple's conduct of creating and enforcing its 2FA policy;

    f.    Whether Plaintiffs and members of the Class are entitled to damages due to Apple's conduct as alleged in this Complaint, and if so, in what amounts; and

  g.  Whether Plaintiffs and members of the Class are entitled to equitable relief, including, but not limited to, restitution or injunctive relief as requested in this Complaint.

40. <u>Typicality.</u> Plaintiffs' claims are typical of the putative class members' claims because, among other things, all such Class members were comparably injured through Apple's wrongful conduct as described above. *See* Fed. R. Civ. P. 23(a)(3). Apple's creation and enforcement of its 2FA policy is uniform for all Plaintiffs and Class Members.

41. <u>Adequacy.</u> Plaintiffs are adequate proposed class representative because their interests do not conflict with the interests of the other members of the proposed Class they seek to represent; because they have retained counsel competent and experienced in complex class action litigation; and because they intend to prosecute this action vigorously. The interests of the proposed class will be fairly and adequately protected by Plaintiffs and their counsel. *See* Fed. R. Civ. P. 23(a)(4).

42. <u>Declaratory and Injunctive Relief.</u> Apple has acted or refused to act on grounds generally applicable to Plaintiffs and the other members of the proposed Class, thereby making appropriate final injunctive relief and declaratory relief, as described below, with respect to the proposed Class as a whole. *See* Fed. R. Civ. P. 23(b)(2). Apple's wrongful conduct alleged herein is not a result of a one-time accidental software bug, but is grounded in Apple's policy that is openly promoted and touted. Apple's 2FA policy was intentionally created. Apple's 2FA policy is intentionally enforced on all users. Plaintiffs injuries are real, immediate and ongoing. Plaintiffs seek injunctive and declaratory relief from Apple.

43. <u>Superiority.</u> A class is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. The damages or other financial detriment suffered by Plaintiffs and putative Class members are relatively small compared to the burden and expense that would be required to individually litigate their claims against Apple, so it would be impracticable for members of the proposed Classes to individually seek redress for Apple's wrongful conduct.

44. Applying the principles of equity or balance of equities, expecting an individual Plaintiff who is at a disadvantage with limited resources and spending capacity, and with minimal negotiating power, if any, to litigate claims against Apple, a multi-billion corporation that has immense resources and

deep pockets would be unfair. Class actions are a necessary and essential means to provide for public-interest litigations with checks and balances to curtail the growing power of private corporations including Apple.

45. In the interest of public policy and recent trends of privacy concerns showing tracking and data collection misuse by Corporations, the Court should recognize the right of Plaintiffs and Class Members to use their devices and services on their own terms. While Apple touts to be a proponent of individual privacy rights, on information and belief, Apple's 2FA policy in the guise of providing additional security allows Apple to track an individual user login activity.

46. Even if Class members could afford individual litigation, the court system could not. Individualized litigation creates a potential for inconsistent or contradictory judgments, and it increases the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. *See* Fed. R. Civ. P. 23(b)(3).

## VIOLATIONS ALLEGED

## COUNT I

## TRESPASS TO PERSONAL PROPERTY (CHATTELS)

47. Plaintiffs and Class Members incorporate and reallege all allegations set out in the preceding paragraphs including paragraphs 1 through 46, above.

48. Apple has knowingly and intentionally and without authorization interfered with Plaintiffs and Class Members' possessory interest of their one or more Apple devices by requiring an extraneous login process through two-factor authentication that is imposed on Plaintiffs and Class Members without authorization or consent.

49. Apple's unauthorized use has directly and proximately resulted in damages to Plaintiffs and Class Members by continuous, systematic and ongoing loss of use for the delay in logging in process with 2FA. Plaintiffs and Class Members on a continuous and ongoing basis are injured with Apple's intermeddling with or use of Plaintiffs and Class Members' own devices. Plaintiffs and Class Members have suffered and continue to suffer actual damages through loss of use of their own Apple devices.

50. Apple has caused injury to Plaintiffs and Class Members' rights to choose the level of security for Plaintiffs and Class Members own devices. Plaintiffs and Class Members' rights to freely enjoy and use their own personal devices has been injured. Plaintiffs and Class Members have suffered both economic and emotional distress arising from Apple's act of intentionally requiring 2FA for login. Plaintiffs and Class Members have a right of recovery of damages for the interference with the possession of their Apple devices.

51. Apple is forcing Plaintiffs and Class Members to be locked out of their own devices with 100% loss of use, blocking its memory and processors, occupying its network usage and making inaccessible any other programs or applications. Apple is diminishing the use of, value, speed, capacity and/or capabilities of Plaintiffs and Class Members own Apple devices enabled with 2FA.

52. Apple's operation of 2FA constitutes trespass, nuisance and an interference with Plaintiffs and Class Members' chattels, i.e. their Apple devices.

## COUNT II

## VIOLATION OF THE INVASION OF PRIVACY ACT

## CALIFORNIA PENAL CODE § 630, *et seq.*

53. Plaintiffs and Class Members incorporate and reallege all allegations set out in the preceding paragraphs including paragraphs 1 through 52, above.

54. Plaintiffs and Class Members did not consent to Apple's actions in intercepting and making inaccessible its login through 2FA to Apple Services and Third-Party Apps. Plaintiffs and Class Members' use of Apple Services and Third-Party Apps on their own personal devices is a personal electronic exchange. Apple, by injecting itself in the process by requiring extra logging steps, has acquired without authorization confidential electronic communication owned by Plaintiffs and Class Members.

55. Apple has perpetrated, caused and or directly participated in the interception, reading and/or learning the contents of electronic communication between Plaintiff, Class Members, its own Web or Cloud based services and Third-Party Apps.

56. Unless restrained and enjoined, Apple will continue to commit such acts. Pursuant to Section 637.2 of the California Penal Code, Plaintiffs and the Class have been injured by the violations of

California Penal Code section 631. Wherefore, Plaintiff, on behalf of himself and on behalf of a similarly situated Class of consumers, seek damages and injunctive relief.

## COUNT III

## VIOLATION OF THE COMPUTER CRIME LAW ("CCL")

## CALIFORNIA PENAL CODE § 502

57. Plaintiffs and Class Members incorporate and reallege all allegations set out in the preceding paragraphs including paragraphs 1 through 56, above.

58. Plaintiffs and Class Members have not authorized Apple to run 2FA on their own devices. Apple's access of Plaintiffs' devices for 2FA is unauthorized. Any use of 2FA should be optional, not mandatory.

59. Apple has violated California Penal Code section 502 by knowingly forcing 2FA and interfering with Plaintiffs' and Class Members' logging process to their own devices and access to Apple Services and Third-Party Apps.

60. Under section 502(c)(1), Apple knowingly and without permission has altered the computer system in order to wrongfully control Plaintiffs' and Class Members' personal computer system devices including smartwatch, smartphone, tablet, laptop and desktop computers.

61. Under section 502(c)(3), Apple knowingly and without permission has used and caused to be used Plaintiffs' and Class Members' Apple Services and Third-Party Apps configured on their Apple devices.

62. Under section 502(c)(4), Apple knowingly and without permission has added the 2FA program to Plaintiffs and Class Members personal computer system devices including smartwatch, smartphone, tablet, laptop and desktop computers.

63. Under section 502(c)(5), Apple knowingly and without permission has disrupted access to Plaintiffs and Class Members personal computer system devices including smartwatch, smartphone, tablet, laptop and desktop computers. Apple knowingly and without permission has disrupted Plaintiffs and Class Members access to computer services including Apple Services and Third-Party Apps.

64. Under section 502(c)(7), Apple knowingly and without permission has accessed Plaintiffs and Class Members personal computer system devices including smartwatch, smartphone, tablet, laptop and desktop computers.

65. Plaintiffs and Class Members have also suffered irreparable injury from these unauthorized acts of disclosure in that their information has been harvested, retained, and used by Apple, and continues to be retained and used by Apple; due to the continuing threat of such injury and, Plaintiffs and Class Members have no adequate remedy at law, entitling them to injunctive relief.

66. Plaintiffs and Class Members have additionally suffered loss by reason of these violations, including, without limitation, violation of the right of privacy.

67. As a direct and proximate result of Defendant's unlawful conduct within the meaning of California Penal Code section 502, Defendant has caused loss to Plaintiffs and Class Members in an amount to be proven at trial. Plaintiffs and Class Members are also entitled to recover their reasonable attorneys' fees pursuant to California Penal Code section 502(e).

68. Plaintiffs and the Class Members seek compensatory damages, in an amount to be proven at trial, and injunctive or other equitable relief. Plaintiffs and Class Members have suffered irreparable and incalculable harm and injuries from Defendant's violations. The harm will continue unless Defendant is enjoined from further violations of this section. Plaintiffs and Class Members have no adequate remedy at law.

69. Apple's unlawful access to Plaintiffs and Class Members' devices and electronic communications has caused them irreparable injury. Unless restrained and enjoined, Apple will continue to commit such acts. Plaintiffs and Class Members' remedy at law is not adequate to compensate it for these inflicted injuries, entitling Plaintiffs and Class Members to remedies including injunctive relief as provided by California Penal Code section 502(e).

## COUNT IV

## VIOLATION OF THE COMPUTER FRAUD AND ABUSE ACT

### 18 U.S.C. § 1030, *et seq.*

70. Plaintiffs and Class Members incorporate and reallege all allegations set out in the preceding paragraphs including paragraphs 1 through 69, above.

71. Defendant intentionally accessed through the 2FA feature Plaintiffs' and Class Members' computers, which were computers used for interstate commerce and/or communications; Defendant did so without authorization and/or exceeding authorized access to such computers; and Defendant thereby obtained information, including time and location of logging to devices and request to access Apple Service and/or Third-Party App, from such protected computers in violation of Title 18, United States Code, Section 1030(a)(2)(C).

72. Further, Defendant knowingly caused the transmission of information, i.e. sending and receiving of six-digit verification code on another device, and as a result of such conduct, intentionally caused damage of locking out the device without authorization, to a protected computer in violation of Title 18, United States Code, Section 1030(a)(5)(A).

73. Defendant intentionally accessed Plaintiffs' and Class Members' protected computers without authorization by triggering use of 2FA, and as a result of such conduct, recklessly caused damage, i.e. locking out or making inaccessible a computer system, in violation of Title 18, United States Code, Section 1030(a)(5)(B).

74. Defendant intentionally accessed Plaintiffs' and Class Members' protected computers without authorization, and as a result of such conduct, caused damage and loss of use.

75. Apple's conduct in automatically enabling 2FA without giving any option for Plaintiffs and Class Members to opt-out on Plaintiffs and Class Members own devices constituted a single act for purposes of the Computer Fraud and Abuse Act.

76. Apple has diminished Plaintiffs and Class Members' computer devices performance and capabilities. Apple has collected personal information that has economic value to the Plaintiffs and Class Members, the unauthorized collection of which resulted in the deprivation or diminution of such economic value, causing Plaintiffs and Class Members to sustain aggregated loss and damage, including economic loss with an aggregated value of at least $5,000 during a one-year period.

77. Further, Defendant's access to Plaintiffs and Class Members' protected computers and electronic communications has caused Plaintiffs and Class Members irreparable injury. Unless restrained and enjoined, Defendant will continue to commit such acts.

78. Further Plaintiffs and Class Members' remedy at law is not adequate to compensate them for harm to them, entitling Plaintiffs and Class Members to remedies that include injunctive relief as provided by Title 18, United States Code, Section 1030(g).

## COUNT V

## UNJUST ENRICHMENT

79. Plaintiffs and Class Members incorporate and reallege all allegations set out in the preceding paragraphs including paragraphs 1 through 78, above.

80. Through the conduct described herein, Defendant received and retained tangible benefits at the expense of Plaintiffs and the Class; on information and belief, including money paid for Defendant's products and Defendant, directly or indirectly, has received and retains information regarding online communications and activities of Plaintiffs and the Class.  Defendant appreciates or has knowledge of said benefits.

81. Under principles of equity and good conscience, Defendant should not be permitted to retain the information and/or revenue it acquired through its unlawful conduct.  All funds, revenues, and benefits Defendant has unjustly received as a result of its actions rightfully belong to Plaintiffs and the Class.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated, pray for judgement against Defendant as follows:

1. Certify this case as a Class action on behalf of the Class and Sub-Classes defined above, appoint Plaintiffs as Class representative, and appoint their counsel as Class counsel;

2. Declare that the actions of Defendant, as set out above, violate the following:
   i. Trespass to Personal Property (Chattels);
   ii. California's Invasion of Privacy Act, California Penal Code § 630;
   iii. California's Computer Crime Law, Penal Code § 502;
   iv. Computer Fraud and Abuse Act, 18 U.S.C. § 1030; and
   v. Unjust Enrichment;

3.  As applicable to the Classes *mutatis mutandis*, awarding injunctive and equitable relief including, *inter alia*: (i) prohibiting Defendant from engaging in the acts alleged above; (ii) requiring Defendant to disgorge all of its ill-gotten gains to Plaintiffs and the other Class Members, or to whomever the Court deems appropriate; (iii) requiring Defendant to delete all data surreptitiously or otherwise collected through the acts alleged above; (iv) requiring Defendant to provide Plaintiffs and the other Class Members a means to easily and permanently decline any participation in two-factor authentication; (v) awarding Plaintiffs and Class Members full restitution of all benefits wrongfully acquired by Defendant by means of the wrongful conduct alleged herein; and (vi) ordering an accounting and constructive trust imposed on the data, funds, or other assets obtained by unlawful means as alleged above, to avoid dissipation, fraudulent transfers, and/or concealment of such assets by Defendant;

4.  Award damages, including statutory damages where applicable, to Plaintiffs and Class Members in an amount to be determined at trial;

5.  Award restitution against Defendant for all money to which Plaintiffs and the Classes are entitled in equity;

6.  Restrain Defendant, its officers, agents, servants, employees, and attorneys, and those in active concert or participation with them from continued access, collection, and transmission of Plaintiffs and Class Members' personal information via preliminary and permanent injunction;

7.  Award Plaintiffs and Class Members:
    i.   their reasonable litigation expenses and attorneys' fees;
    ii.  pre- and post-judgment interest, to the extent allowable;
    iii. restitution, disgorgement and/or other equitable relief as the Court deems proper;
    iv.  compensatory damages sustained by Plaintiffs and all others similarly situated as a result of Defendant's unlawful acts and conduct;
    v.   statutory damages; and
    vi.  permanent injunction prohibiting Defendant from engaging in the conduct and practices complained of herein;

8.  For such other and further relief as this Court may deem just and proper.

**FIRST AMENDED CLASS ACTION COMPLAINT**

**DEMAND FOR JURY TRIAL**

Plaintiffs and the Class Members hereby demand a trial by jury of all issues so triable.

Dated: March 19, 2019                               **ONE LLP**

                                                    By:   /s/ Peter R. Afrasiabi
                                                          Peter R. Afrasiabi
                                                          Deepali A. Brahmbhatt
                                                          John E. Lord

                                                          Attorneys for Plaintiffs
                                                          Jay Brodsky, Brian Tracey, Alex Bishop, and Brendan Schwartz