1   DAVID M. WALSH (CA SBN 120761)
    DWalsh@mofo.com
2   MORRISON & FOERSTER LLP
    707 Wilshire Boulevard
3   Los Angeles, California  90017-3543
    Telephone:   213.892.5200
4   Facsimile:    213.892.5454

5   TIFFANY CHEUNG (CA SBN 211497)
    TCheung@mofo.com
6   LAUREN L. ERKER (CA SBN 291019)
    LErker@mofo.com
7   MORRISON & FOERSTER LLP
    425 Market Street
8   San Francisco, California  94105-2482
    Telephone:   415.268.7000
9   Facsimile:    415.268.7522

10  ERIN P. LUPFER (CA SBN 317994)
    ELupfer@mofo.com
11  MORRISON & FOERSTER LLP
    12531 High Bluff Drive
12  San Diego, California  92130-2040
    Telephone:   858.720.5100
13  Facsimile:    858.720.5125

14  Attorneys for Defendant
    APPLE INC.

15

16                UNITED STATES DISTRICT COURT

17              NORTHERN DISTRICT OF CALIFORNIA

18                    SAN JOSE DIVISION

19

| | |
|---|---|
| 20  JAY BRODSKY, BRIAN TRACEY, ALEX BISHOP and BRENDAN SCHWARTZ, each on behalf of himself and all others similarly situated, | Case No. 5:19-CV-00712-LHK |
| 21 | **DEFENDANT APPLE INC.'S MOTION TO DISMISS FIRST AMENDED COMPLAINT** |
| 22          Plaintiffs, | |
| 23      v. | Date:    August 22, 2019 |
|  | Time:    1:30 p.m. |
| 24  APPLE INC., a California corporation, | Ctrm:    8 |
|  | Judge:   Honorable Lucy H. Koh |
| 25          Defendant. | |
| 26 | Amended Complaint Filed:  March  19, 2019 |

27

28

**NOTICE OF MOTION AND MOTION**
**TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on August 22, 2019, at 1:30 p.m., or as soon thereafter as the matter may be heard in the U.S. District Court, Northern District of California, San Jose Division, located at 280 South 1st Street, San Jose, California, in Courtroom 8 before the Honorable Lucy H. Koh, Defendant Apple, Inc. ("Apple") will move the Court to dismiss the claims asserted in the First Amended Complaint ("FAC") for failure to state a claim upon which relief may be granted under Federal Rule of Civil Procedure 12(b)(6).

Apple seeks to dismiss Plaintiffs' claims based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, and all pleadings and papers on file in this action, and on such other written and oral argument as may be presented to the Court.

Dated:      May 1, 2019               TIFFANY CHEUNG
                                      MORRISON & FOERSTER LLP


                                      By: */s/ Tiffany Cheung*
                                          TIFFANY CHEUNG

                                      Attorneys for Defendant
                                      APPLE INC.

# TABLE OF CONTENTS

**Page**

NOTICE OF MOTION AND MOTION TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD: ........................................................................................................ i

TABLE OF CONTENTS ........................................................................................................ ii

TABLE OF AUTHORITIES ................................................................................................. iii

STATEMENT OF ISSUES TO BE DECIDED ................................................................... vii

MEMORANDUM OF POINTS AND AUTHORITIES ......................................................... 1

I.      INTRODUCTION ...................................................................................................... 1

II.     BACKGROUND ......................................................................................................... 2

     A.      Two-Factor Authentication. ........................................................................... 2

     B.      Plaintiffs Consented to 2FA. ......................................................................... 2

     C.      The Complaint ................................................................................................. 3

     D.      Procedural History .......................................................................................... 4

III.    LEGAL STANDARD .................................................................................................. 4

IV.     ARGUMENT ............................................................................................................... 4

     A.      Plaintiff Brodsky and the Proposed Class's CIPA, CFAA, and CCCL Claims Are Time-Barred. ................................................................................ 5

     B.      Plaintiffs' Common Law Claims Should Be Dismissed Because Plaintiffs Fail to Allege Which State's Common Law Claims They Are Asserting. ............. 6

     C.      Plaintiffs Do Not Plausibly Plead Trespass to Chattels. ............................... 7

           1.      Plaintiffs Authorized 2FA on Their Devices. ................................... 7

           2.      Plaintiffs' Trespass to Chattels Claim Also Fails Because They Cannot Allege Any Damage to Their Property. ........................................... 9

           3.      Any Alleged Damage Was Not Caused by Apple. ................................. 11

     D.      Plaintiffs Fail to State a Wiretap Claim Under CIPA. ................................. 11

     E.      Plaintiffs' CFAA Claim Should Be Dismissed. ........................................... 14

           1.      Plaintiffs Fail to Allege Any "Access" By Apple That Was "Without Authorization" or "Exceeded Authorization." ......................... 15

           2.      Plaintiffs' Conclusory Allegation of Statutory Loss or Harm Is Also Fatal to Their CFAA Claim. ........................................................... 16

     F.      Plaintiffs' CCCL Claim Fails. ...................................................................... 17

           1.      Apple Enabled 2FA With Plaintiffs' Permission. ............................. 17

           2.      Plaintiffs Do Not Allege Any Facts to Support Other Required Elements of Their CCCL Claims. ..................................................... 18

     G.      The Court Should Dismiss Plaintiffs' Unjust Enrichment Claim. ............... 19

V.      CONCLUSION ......................................................................................................... 19

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**Cases**

4

*Adams v. Johnson,*
   355 F.3d 1179 (9th Cir. 2004)................................................................................4

*In re Apple & ATTM Antitrust Litig.,*
   No. C 07–05152 JW, 2010 WL 3521965 (N.D. Cal. Jul. 8, 2010) *vacated in
   part sub nom. on other grounds In re Apple & AT & TM Antitrust Litig.,* 826 F.
   Supp. 2d 1168 (N.D. Cal. 2011) ....................................................................... *passim*

*In re Apple Inc. Device Performance Litig.,*
   347 F. Supp. 3d 434 (N.D. Cal. 2018) ..................................................................15

*Ashcroft v. Iqbal,*
   556 U.S. 662 (2009)..............................................................................................4, 8

*Baugh v. CBS, Inc.,*
   828 F. Supp. 745 (N.D. Cal. 1993) ..........................................................................8

*Bell Atl. Corp. v. Twombly,*
   550 U.S. 544 (2007)...................................................................................................4

*In re Carrier IQ, Inc.,*
   78 F. Supp. 3d 1051 (N.D. Cal. 2015) ...................................................................13

*Civic Western Corp. v. Zila Industries, Inc.,*
   66 Cal. App. 3d 1 (1977)...........................................................................................8

*Cline v. Reetz-Laiolo,*
   329 F. Supp. 3d 1000 (N.D. Cal. 2018) ...................................................................6

*Cover v. Windsor Surry Co.,*
   No. 14-cv-05262-WHO, 2016 WL 520991 (N.D. Cal. Feb. 10, 2016) ....................7

*DocMagic, Inc. v. Ellie Mae, Inc.,*
   745 F. Supp. 2d 1119 (N.D. Cal. 2010) .................................................................16

*Duval v. Rowell,*
   124 Cal. App. 2d Supp. 897 (1954) ..........................................................................9

*Engle v. Unified Life Ins. Co., Inc.,*
   No. 14CV1908MMAJLB, 2014 WL 12508347 (S.D. Cal. Oct. 27, 2014) ............10

*In re Facebook Internet Tracking Litig.,*
   140 F. Supp. 3d 922 (N.D. Cal. 2015) ...................................................................12

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*In re Facebook Internet Tracking Litig.*,
   263 F. Supp. 3d 836 (N.D. Cal. 2017) ................................................................7, 12

*Fayer v. Vaughn*,
   649 F.3d 1061 (9th Cir. 2011) (*per curiam*) ...........................................................4

*Flextronics Int'l, Ltd. v. Parametric Tech. Corp.*,
   No. 5:13-CV-00034-PSG, 2014 WL 2213910 (N.D. Cal. May 28, 2014) .........................17, 18

*In re Gilead Scis. Sec. Litig.*,
   536 F.3d 1049 (9th Cir. 2008)..................................................................................17

*Gonzales v. Uber Techs., Inc.*,
   305 F. Supp. 3d 1078 (N.D. Cal. 2018) ..................................................................18

*Grace v. Apple Inc.*,
   No. 17-CV-00551-LHK, 2017 WL 3232464 (N.D. Cal. July 28, 2017) ...................10

*Hernandez v. Path, Inc.*,
   No. 12–cv–1515–YGR, 2012 WL 5194120 (N.D. Cal. Oct. 19, 2012)...................13

*Huluwazu v. Snyder*,
   No. 17-CV-03386-LHK, 2017 WL 5991865 (N.D. Cal. Dec. 4, 2017) ...................19

*Intel Corp. v. Hamidi*,
   30 Cal. 4th 1342 (2003) .....................................................................................9, 10

*Ion Equip. Corp. v. Nelson*,
   110 Cal. App. 3d 868 (1980)....................................................................................5

*In re iPhone Application Litig.*,
   844 F. Supp. 2d 1040 (N.D. Cal. 2012) ................................................................9, 19

*Johnson v. Nissan N. Am., Inc.*,
   272 F. Supp. 3d 1168 (N.D. Cal. 2017) ...................................................................6

*Lakeland Tours, LLC v. Bauman*,
   No. 13CV2230-CAB-JMA, 2014 WL 12570970 (S.D. Cal. Feb. 11, 2014)............14

*Low v. LinkedIn Corp.*,
   900 F. Supp. 2d 1010 (N.D. Cal. 2012) .................................................................19

*LVRC Holdings LLC v. Brekka*,
   581 F.3d 1127 (9th Cir. 2009)..........................................................................14, 16

*Maddalena v. Toole*,
   No. 2:13-CV-4873-ODW, 2013 WL 5491869 (C.D. Cal. Oct. 1, 2013)....................6

*NovelPoster v. Javitch Canfield Grp.*,
   140 F. Supp. 3d 938 (N.D. Cal. 2014) ........................................................12, 13, 16

1

2

*Opperman v. Path*,
  87 F. Supp. 3d 1018 (N.D. Cal. 2014) ...................................................................................13

3

*Pirozzi v. Apple, Inc.*,
  966 F. Supp. 2d 909 (N.D. Cal. 2013) ...................................................................................19

4

5

*Powell v. Union Pac. R. Co.*,
  864 F. Supp. 2d 949 (E.D. Cal. 2012) ...................................................................................12

6

7

*Quigley v. Yelp, Inc.*,
  No. 17-CV-03771-RS, 2018 WL 7204066 (N.D. Cal. Jan. 22, 2018)...................................13

8

*Ribas v. Clark*,
  38 Cal. 3d 355 (1985) .......................................................................................................11, 14

9

10

*Rogers v. Ulrich*,
  52 Cal. App. 3d 894 (1975)...................................................................................................12

11

*Shamrock Foods Co. v. Gast*,
  535 F. Supp. 2d 962 (D. Ariz. 2008)......................................................................................16

12

13

*In re Sony PS3 Other OS Litig.*,
  551 F. App'x 916 (9th Cir. 2014) ...........................................................................................15

14

15

*Starr v. Baca*,
  652 F.3d 1202 (9th Cir. 2011)..................................................................................................7

16

17

*Synopsys, Inc. v. Ubiquiti Networks, Inc.*,
  313 F. Supp. 3d 1056 (N.D. Cal. 2018) .................................................................................15

18

*Thrifty-Tel, Inc. v. Bezenek*,
  46 Cal. App. 4th 1559 (1996) .............................................................................................9, 11

19

20

*Wei v. San Jose Sharks*,
  No. 18-CV-05483-VKD, 2018 WL 5923840 (N.D. Cal. Nov. 13, 2018) ................................5

21

**Statutes**

22

18 U.S.C. §§ 1030, *et seq.*........................................................................................................3

23

18 U.S.C. § 1030(a)(2)(c), (5)(A)-(C) ......................................................................................15

24

18 U.S.C. §§ 1030(a)(2)(C), (a)(4)(i)(I), (g) ...........................................................................16

25

18 U.S.C. §§ 1030(a)(2)(C), (a)(5)(A)-(C) ..............................................................................14

26

18 U.S.C. § 1030(c)(4)(A) ........................................................................................................14

27

18 U.S.C. § 1030(g) ...................................................................................................................5

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

18 U.S.C. § 2510 ..................................................................................................................13

Cal. Civ. Code § 1798.91.04 (effective Jan. 1, 2019, operative Jan. 1, 2020)................................11

Cal. Code Civ. Proc. § 339(1) ..............................................................................................19

Cal. Code Civ. Proc. § 340(a) ................................................................................................5

Cal. Penal Code § 502 .....................................................................................................3, 18

Cal. Penal Code § 502(c)(1), (3)-(5), (7) ................................................................................17

Cal. Penal Code § 502(e)(5)....................................................................................................5

Cal. Penal Code § 630 .........................................................................................................11

Cal. Penal Code § 631 ...........................................................................................3, 11, 12, 14

Cal. Penal Code § 631(a) ................................................................................................12, 13

**Other Authorities**

Federal Rule of Civil Procedure 8 .....................................................................................7, 18

Federal Rule of Civil Procedure 8(a)(2)..................................................................................4

Federal Rule of Civil Procedure 12(b)(6) ...............................................................................4

Federal Rule of Civil Procedure 12(b)(1) ...............................................................................7

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## STATEMENT OF ISSUES TO BE DECIDED

This motion raises the following issues:

1.      Should the Court dismiss Plaintiff Brodsky and the proposed class's claims under the California Invasion of Privacy Act ("CIPA"), Computer Fraud and Abuse Act ("CFAA"), and California Computer Crime Law ("CCCL") as time-barred under their respective statutes of limitation?

2.      Should the Court dismiss Plaintiffs' common law claims because Plaintiffs fail to allege which state law(s) they are asserting and which state(s) Plaintiffs reside in?

3.      Should the Court dismiss Plaintiffs' trespass to chattels claim because Plaintiffs authorized Apple to enable two-factor authentication ("2FA") and Plaintiffs do not allege any damage caused by Apple?

4.      Should the Court dismiss Plaintiffs' CIPA wiretapping claim because Apple could not "intercept" any communications to which it was a party, Plaintiffs fail to identify any "instrument" used to "intercept" any communications or the "contents" of any such communications, and Plaintiffs authorized 2FA on their devices?

5.      Should the Court dismiss Plaintiffs' CFAA claim because Plaintiffs authorized any access to their devices to enable 2FA and Plaintiffs have not alleged the required statutory loss?

6.      Should the Court dismiss Plaintiffs' CCCL claim because Plaintiffs gave Apple permission to enable 2FA and have asserted only conclusory allegations regarding the remaining required elements?

7.      Should the Court dismiss Plaintiffs' unjust enrichment claim because it is not a separate cause of action and Plaintiff Brodsky and the proposed class's claims fall outside the statute of limitations?

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    INTRODUCTION

Apple offers two-factor authentication ("2FA") to protect Apple users from third-party, unauthorized access to their Apple ID accounts.  With 2FA, a device user's personal data associated with his or her Apple ID has enhanced security even if someone determines the user's Apple ID password because 2FA requires a second "factor" to confirm the user's identity before allowing access to the user's account.  Plaintiffs Jay Brodsky, Brian Tracey, Alex Bishop, and Brendan Schwartz (collectively, "Plaintiffs") admit that they authorized a software update that enabled 2FA or otherwise took actions that enabled 2FA on their Apple devices.  They also allege that Apple sends emails informing users about 2FA and provides them the opportunity to revert back to previous security settings (without 2FA enabled).  Despite authorizing this enhanced security feature, Plaintiffs now assert various privacy and property claims against Apple for providing this feature to Plaintiffs.  All of Plaintiffs' claims fail because Plaintiffs authorized the alleged conduct.

The First Amended Complaint ("FAC") remarkably attempts to use laws designed to protect personal data and privacy to challenge Apple's enhanced security measures designed to protect those very things.  Plaintiffs' backwards theories should be rejected.  Not only does the FAC reveal that every action Apple took regarding 2FA was authorized, but it also lacks allegations establishing that Apple *caused* any *damage* to Plaintiffs.  Plaintiffs complain that 2FA requires an additional "2-5 minutes" to log into their Apple ID accounts or their Apple devices and that two plaintiffs were temporarily "locked out" of their accounts after they lost access to their own trusted devices due to events outside of Apple's control.  But neither a momentary delay in accessing Plaintiffs' accounts or Apple devices nor a delay caused by Plaintiffs' own actions can show the requisite harm.

Plaintiffs' attempt to concoct claims based on "wiretapping" or "hacking" statutes fail for additional reasons.  Plaintiffs do not identify any "instrument" used by Apple to "intercept" any "communications" between Plaintiffs and a third party.  Indeed, as a matter of law, Apple cannot "intercept" the purported "communications" at issue because Plaintiffs allege that Apple was a

1    party to the "communications" in the 2FA process.  In any event, Plaintiffs do not and cannot

2    allege any "contents" of the "communications" that were intercepted by Apple; information

3    regarding Plaintiffs' login activity does not constitute "contents" of communications that are

4    subject to the CIPA.  Similarly, Plaintiffs do not allege any unauthorized access, "wrongful

5    control," or "use" of their devices by Apple that could satisfy the elements of their CFAA and

6    CCCL claims.

7         Additionally, Plaintiff Brodsky and the putative class's statutory claims are time-barred,

8    and unjust enrichment is not a cause of action in California.  Plaintiffs' common law claims also

9    should be dismissed because Plaintiffs do not even identify which state's common law claims

10   they are asserting or the Plaintiffs' state(s) of residence.  Such vague pleading fails to meet

11   Plaintiffs' obligations to provide notice of which specific causes of action are asserted here.

12        For all of these reasons, the Court should dismiss the FAC in its entirety.

13   **II.    BACKGROUND**

14        **A.    Two-Factor Authentication.**

15        2FA is an additional layer of security for one's Apple ID that is designed to ensure that

16   only the true owner can access the iCloud account and other information associated with that

17   particular Apple ID.  (*See* ECF No. 13 ("FAC") ¶¶ 16 [discussing "Two-factor authentication

18   ('2FA') for Apple ID"], 18.)  It "helps protect the photos, documents and other data [an Apple ID

19   holder] store[s] with Apple," even if someone obtains the Apple ID holder's password.  (*Id.*)

20        **B.    Plaintiffs Consented to 2FA.**

21        Plaintiffs Brodsky and Tracey allege that they enabled 2FA through a software update.

22   (*Id.* ¶¶ 19-20.)  They therefore consented to 2FA when they decided to install the relevant

23   software update.  The FAC is silent as to how Plaintiffs Bishop and Schwartz enabled 2FA, but

24   Plaintiffs allege that there are only two additional methods for enabling 2FA: (1) creating a new

25   Apple ID, or (2) turning on 2FA in an Apple device's settings.  (*See* FAC ¶ 16.)  As with a

26   software update, either of these methods for enabling 2FA necessarily occurred through

27   Plaintiffs' own actions and with their permission.

28        Plaintiffs also allege that, after a user enables 2FA, the owner of the Apple ID receives the

following email:

> Thank you for enabling two-factor authentication for your Apple ID (a · · · · ·@gmail.com).
>
> Two-factor authentication is an additional layer of security designed to ensure that you're the only person who can access your account, even if someone knows your password. This significantly improves the security of your Apple ID and helps protect the photos, documents, and other data you store with Apple. For more information read Two-Factor Authentication for Apple ID.
>
> If you didn't enable two-factor authentication and believe someone else has access to your account, you can return to your previous security settings. This link and your Apple ID security questions will expire on October 15, 2018.

(FAC ¶ 18 (emphasis added).)  Not a single named Plaintiff alleges that he disabled 2FA after being given the opportunity to return to "previous security settings."  (*See id.* ¶¶ 18-22.)

### C.     The Complaint

Despite the increased security that 2FA provides for Plaintiffs' Apple IDs and associated data, Plaintiffs allege they are dissatisfied with the "additional estimated 2-5 or more minutes" it takes to login with 2FA.  (*Id.* ¶ 17.)  Plaintiffs Bishop and Schwartz allege they temporarily lost access to their Apple device and/or "Apple Services" for longer periods after they lost access to their trusted devices (due to events wholly outside of Apple's control).  (*See id.* ¶¶ 21-22.) Plaintiffs purport to represent a putative class of "[a]ll persons or entities in the United States who own or owned an Apple Watch, iPhone, iPad, MacBook, or iMac or use Apple Services that have enabled two-factor authentication ("2FA"), subsequently want to disable 2FA, and are not allowed to disable 2FA."  (*Id.* ¶ 29.)

In conclusory terms, Plaintiffs allege that their decision to enable 2FA, and to decline the opportunity to disable 2FA, gives rise to five causes of action against Apple for:  (1) trespass to chattels; (2) violation of the California Invasion of Privacy Act ("CIPA"), California Penal Code § 631; (3) violation of the California Computer Crime Law ("CCCL"), California Penal Code § 502; (4) violation of the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. §§ 1030, *et seq.*; and (5) unjust enrichment.  (*Id.* ¶¶ 47-81.)  All of these claims rely on the theory that Apple had no authorization to enable 2FA for Plaintiffs' Apple IDs and that Plaintiffs suffered damages caused by the increased security measures, but Plaintiffs' own allegations show that their claims

1    are meritless.

2            **D.    Procedural History**

3            Plaintiff Brodsky filed the original class action complaint on February 8, 2019.  (ECF

4    No. 1.)  Over a month later, Plaintiff Brodsky tried again and filed the FAC, adding Plaintiffs

5    Tracey, Bishop, and Schwartz, and new allegations related to those plaintiffs.  Although Plaintiffs

6    have asserted common law claims, they fail to allege their state(s) of residence in either

7    complaint.  (*See id.* ¶ 6 ("Jay Brodsky, an individual residing in the United States"); FAC ¶ 7

8    (describing Plaintiffs as "individuals residing in the United States").)

9            Apple now moves to dismiss all of the claims asserted in the FAC by all Plaintiffs.

10           **III.    LEGAL STANDARD**

11           Federal Rule of Civil Procedure 8(a)(2) requires a plaintiff to plead each claim with

12   sufficient specificity to "give the defendant fair notice of what the . . . claim is and the grounds

13   upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v.*

14   *Gibson*, 355 U.S. 41, 47 (1957)).  The Court should dismiss a claim under Federal Rule of Civil

15   Procedure 12(b)(6) when a plaintiff fails to plead enough facts to state a claim for relief that is

16   "plausible on its face." *Id.* at 570.  To survive dismissal, the plaintiff must plead sufficient factual

17   content that allows the Court to "draw the reasonable inference that the defendant is liable for the

18   misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  While the Court accepts

19   factual allegations as true at this stage, the Court cannot "assume the truth of legal conclusions

20   merely because they are cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061,

21   1064 (9th Cir. 2011) (*per curiam*).  "[C]onclusory allegations of law and unwarranted inferences

22   are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir.

23   2004).

24           **IV.    ARGUMENT**

25           The Court should dismiss Plaintiffs' claims because they suffer from the same, core

26   deficiency:  Plaintiffs authorized Apple to enable 2FA and did not revoke that permission despite

27   having a reasonable opportunity to do so.  Additionally, the Court should dismiss Plaintiffs'

28   claims because most of Plaintiff Brodsky's claims are time-barred, Plaintiffs cannot pursue state

common law claims without identifying their state(s) of residence and the state law(s) they are asserting, and all Plaintiffs fail to plausibly allege other necessary elements of each of their claims.

### A. Plaintiff Brodsky and the Proposed Class's CIPA, CFAA, and CCCL Claims Are Time-Barred.

Plaintiff Brodsky and the putative class's statutory claims should be dismissed because they have been brought far too late.[1]  A defendant may assert the defense that a claim is time-barred in a motion to dismiss "if the running of the limitations period is apparent on the face of the complaint."  *Wei v. San Jose Sharks*, No. 18-CV-05483-VKD, 2018 WL 5923840, at *2 (N.D. Cal. Nov. 13, 2018) (citing *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980)).  The CIPA has a one-year statute of limitations.  Cal. Code Civ. Proc. § 340(a); *Ion Equip. Corp. v. Nelson*, 110 Cal. App. 3d 868, 880 (1980).  The CFAA has a two-year statute of limitations.  18 U.S.C. § 1030(g) ("No action may be brought under this subsection unless such action is begun within 2 years of the date of the act complained of or the date of the discovery of the damage.").  The CCCL has a three-year statute of limitations.  Cal. Penal Code § 502(e)(5) ("No action may be brought . . . unless it is initiated within three years of the date of the act complained of, or the date of the discovery of the damage, whichever is later").

Here, the face of the FAC reveals that Plaintiff Brodsky and the putative class's CIPA, CFAA, and CCCL claims fall well outside their respective statutory periods, and thus are time-barred.  Plaintiffs' claims all arise from the allegedly improper installation of 2FA on their devices.  Plaintiff Brodsky allegedly enabled 2FA on his Apple devices in September 2015, nearly *three and a half years* before he brought suit.  (FAC ¶ 19.)  Similarly, Plaintiffs' proposed class period allegedly "began when Apple introduced 2FA in 2015," also *more than three years* before Plaintiffs filed this putative class action in 2019.  (*Id.* ¶ 28.)

Plaintiff Brodsky and the putative class members who enabled 2FA outside of the applicable limitations periods cannot avoid dismissal by asserting that their statutory claims

---

[1] The FAC is silent as to when the remaining named Plaintiffs first enabled 2FA.  These Plaintiffs' claims may likewise be time-barred for the same reasons.

1   accrued at a later date.  Plaintiffs allege that once 2FA was enabled on their Apple devices, the

2   2FA process "is required *each time you turn on a device*."  (*See* FAC ¶ 2 (emphasis added); *see*

3   *also* ¶¶ 17, 24 (alleging that 2FA "requires additional login steps each time Plaintiffs' Apple

4   devices are powered on").)  Thus, Plaintiff Brodsky and the putative class would have *known*

5   about 2FA, the implementation of which serves as the basis for the claims against Apple, the

6   moment they enabled 2FA and simply turned on their devices.  *See Cline v. Reetz-Laiolo*, 329 F.

7   Supp. 3d 1000, 1051 (N.D. Cal. 2018) (ruling that the plaintiff's CIPA claim was time-barred

8   because "he learned of" the defendant's use of the software at issue "no later than 2015").

9        The FAC also alleges that, after enabling 2FA, "Apple sends an email to the owner of the

10   Apple ID" thanking the owner for enabling 2FA, explaining what 2FA is, and providing a link

11   that allows the owner a two-week window in which to revert to earlier, lower security settings.

12   (FAC ¶ 18.)  Thus, in addition to receiving notice of the 2FA security feature when Plaintiffs

13   enabled 2FA and turned on their devices, this email would have put them on notice.  *See*

14   *Maddalena v. Toole*, No. 2:13-CV-4873-ODW, 2013 WL 5491869, at *4 (C.D. Cal. Oct. 1, 2013)

15   ("Like many statutes of limitation, the statutes at issue in this action do not require that the

16   claimant have actual knowledge of the violation.  Rather, [section] 1030(g) demands only that the

17   claimant have had a reasonable notice to discover the violation.").

18        Plaintiff Brodsky's CIPA, CFAA, and CCCL claims are time-barred.  Likewise,

19   Plaintiffs' proposed class period impermissibly encompasses time-barred claims.  As a result,

20   those claims are barred by the applicable statutes of limitation and should be dismissed.

21              **B.      Plaintiffs' Common Law Claims Should Be Dismissed Because**
              **Plaintiffs Fail to Allege Which State's Common Law Claims They Are**
22              **Asserting.**

23        No Plaintiff alleges his state of residence, (*see* FAC ¶ 7 (describing Plaintiffs as

24   "individuals residing in the United States")), yet Plaintiffs assert common law claims, purportedly

25   on behalf of a nationwide class, (*id.* ¶¶ 29-31).  Plaintiffs also fail to specify which state's

26   common laws they are asserting in the FAC.  Courts in this District uniformly hold that where, as

27   here, a representative plaintiff is lacking for a particular state, claims based on that state's laws

28   must be dismissed because no named plaintiff has standing to assert them.  *See, e.g., Johnson v.*

1    *Nissan N. Am., Inc.*, 272 F. Supp. 3d 1168, 1175 (N.D. Cal. 2017) (dismissing claims under Rule

2    12(b)(1) for lack of standing because plaintiffs failed to "present named class representatives who

3    possesses individual standing to assert [] claims"); *Cover v. Windsor Surry Co.*, No. 14-cv-05262-

4    WHO, 2016 WL 520991, at *5 (N.D. Cal. Feb. 10, 2016) (finding named plaintiff could not assert

5    state law claims under laws of states he did not represent).  Additionally, Federal Rule of Civil

6    Procedure 8 requires a complaint to "contain sufficient allegations of underlying facts to give fair

7    notice and to enable the opposing party to defend itself effectively."  *Starr v. Baca*, 652 F.3d

8    1202, 1216 (9th Cir. 2011).  Without stating where Plaintiffs reside or which state's common

9    laws they are asserting, Plaintiffs have failed to provide sufficient notice regarding what specific

10    causes of action are at issue.  The Court should therefore dismiss Plaintiffs' common law trespass

11    to chattels and unjust enrichment claims.

12                    **C.      Plaintiffs Do Not Plausibly Plead Trespass to Chattels.**

13            If Plaintiffs intended to assert a trespass to chattels claim under California law, they have

14    failed to plead any such claim.  To establish a trespass to chattels claim under California law, a

15    plaintiff must establish that:  "(1) defendant intentionally and without authorization interfered

16    with plaintiff's possessory interest in the computer system; and (2) defendant's unauthorized

17    use[] proximately caused damage."  *In re Facebook Internet Tracking Litig.*, 263 F. Supp. 3d 836,

18    842 (N.D. Cal. 2017) (quoting *eBay, Inc. v. Bidder's Edge, Inc.*, 100 F. Supp. 2d 1058, 1069-70

19    (N.D. Cal. 2000)).  The Court should dismiss Plaintiffs' trespass claim because they consented to

20    enabling 2FA for their Apple IDs and because they do not allege any cognizable "damage" to

21    their property.[2]  Further, any purported "damage" based on any momentary delay in accessing

22    Plaintiffs' devices or Apple ID account was not caused by Apple.

23                    **1.      Plaintiffs Authorized 2FA on Their Devices.**

24            Plaintiffs' trespass to chattels claim fails because they authorized Apple to enable 2FA for

25    their Apple IDs.  "Voluntary installation runs counter to the notion that the alleged act was a

26    _____

27    [2] Plaintiffs thus cannot show that Apple's conduct "interfered with plaintiff's possessory interest" in their devices, as 2FA neither harms nor impairs a user's device.  *See* section V.C.2,

28    *infra*.

trespass." *In re Apple & ATTM Antitrust Litig.*, No. C 07–05152 JW, 2010 WL 3521965, at *7 (N.D. Cal. Jul. 8, 2010) *vacated in part sub nom. on other grounds In re Apple & AT & TM Antitrust Litig.*, 826 F. Supp. 2d 1168 (N.D. Cal. 2011); *see also Baugh v. CBS, Inc.*, 828 F. Supp. 745, 757 (N.D. Cal. 1993) ("No California cases indicate that the consent must be knowing or meaningful and the Court does not find any reason to add that requirement to the tort [of trespass].").  Plaintiffs' conclusory allegations that Apple acted without authorization to enable 2FA, (*see* FAC ¶¶ 3, 19), are insufficient to state a trespass claim because they are belied by Plaintiffs' own factual allegations establishing that each voluntarily enabled 2FA on their accounts.  *See Iqbal*, 556 U.S. at 679 (conclusory statements "are not entitled to the assumption of truth").

Plaintiffs Tracey and Brodsky specifically allege that they enabled 2FA through a software update, (FAC ¶¶ 19-20), and the FAC is devoid of any factual allegations that they did not initiate or consent to those updates.  Plaintiffs Bishop and Schwartz do not reveal how they activated 2FA, (*id.* ¶¶ 21-22), but all of the methods allegedly available for enabling 2FA — a voluntary software update, creation of a new Apple ID, or turning it on in the "Settings" feature, (*id.* ¶ 16) — all required their authorization.  Plaintiffs do not allege otherwise.  As all three possible avenues alleged by Plaintiffs entail a user's consent, Plaintiffs cannot plead factual allegations to even "plausibly suggest" that they did not authorize 2FA for their Apple IDs. *Iqbal*, 556 U.S. at 681.

Plaintiffs' own allegations demonstrate that they also consented to 2FA by electing not to return their devices to their previous security settings.  Plaintiffs allege that after enabling 2FA, Apple sends Apple ID owners an email thanking them for initiating 2FA and providing a link to follow to disable 2FA and revert back to previous security settings within two weeks if they so choose.  (*See* FAC ¶ 18.)  Notwithstanding their acknowledged awareness of this option, not a single Plaintiff alleges that he followed the link and revoked his consent to 2FA after Apple presented a reasonable period of time to revoke the initial authorization.  They therefore authorized 2FA not once, but twice.  *See Civic Western Corp. v. Zila Industries, Inc.*, 66 Cal. App. 3d 1, 16-17 (1977) ("Where there is a consensual entry, there is no tort, because lack of

consent is an element" of a trespass claim); *Duval v. Rowell*, 124 Cal. App. 2d Supp. 897, 900 (1954) (finding that although the plaintiff did not directly invite the defendant upon the land, the defendant "was impliedly invited by the circumstances").

Plaintiffs' factual allegations foreclose the possibility that 2FA can be enabled, and remain enabled, without the Apple ID owner's permission.  As a result, Plaintiffs cannot state a claim for trespass to chattels.  *See In re Apple & ATTM Antitrust Litig.*, 2010 WL 3521965, at *7 (granting Apple's motion for summary judgment as to plaintiffs' trespass to chattels, CFAA, and CCCL claims because plaintiffs voluntarily installed the complained-of software).

> **2.      Plaintiffs' Trespass to Chattels Claim Also Fails Because They Cannot Allege Any Damage to Their Property.**

As a security feature that neither harms nor impairs a user's device, 2FA cannot serve as the basis of a trespass to chattels claim.  Trespass to chattels, a tort "seldom employed" in California, lies only where an "intentional interference with the possession of personal property has proximately caused injury."  *Thrifty-Tel, Inc. v. Bezenek*, 46 Cal. App. 4th 1559, 1566 (1996). Courts have extended this "seldom employed" tort from entry onto another's land to the digital realm, but only on a limited basis.  "[U]nder California law the tort does not encompass, *and should not be extended to encompass*, an electronic communication that neither damages the recipient computer system nor impairs its functioning."  *Intel Corp. v. Hamidi*, 30 Cal. 4th 1342, 1347 (2003) (emphasis added).

Plaintiffs cannot state a claim for trespass based on 2FA because Apple neither damaged nor impaired the functioning of devices with 2FA security enabled for data associated with an Apple ID.  Courts evaluating digital trespass claims have dismissed such claims based on theories of temporary interruption to or reduced functionality of electronic devices or systems. *See, e.g.*, *In re iPhone Application Litig.*, 844 F. Supp. 2d 1040, 1069 (N.D. Cal. 2012) (taking up bandwidth and storage space and shortening the device's battery life does "not plausibly establish a significant reduction in service constituting an interference with the intended functioning of the system"); *Hamidi*, 30 Cal. 4th at 1352-53 (reversing summary judgment on trespass to chattels claim because the "undisputed evidence revealed no actual or threatened damage to Intel's

computer hardware or software and no interference with its ordinary and intended operation"
through the receipt of unwanted messages).

In particular, Plaintiffs Brodsky and Tracey complain that they were required to spend an
"estimated 2-5 minutes" with the 2FA process, (FAC ¶ 17), but this momentary delay in no way
amounts to any "damage" or "impairment" of their devices or "computer systems." *See Hamidi*,
30 Cal. 4th at 1357 ("[a] mere momentary or theoretical deprivation of use is not sufficient" for a
trespass to chattels claim) (quoting Restatement 2d Torts § 218, com. i p. 423); *see also Engle v.
Unified Life Ins. Co., Inc.*, No. 14CV1908MMAJLB, 2014 WL 12508347, at *7 (S.D. Cal. Oct.
27, 2014) ("The minimal time that Plaintiffs could not use their phones [for the duration of a
phone call] does not meet the impaired function standard required by *Hamidi*."). Plaintiffs
Bishop and Schwartz likewise allege only a temporary loss of access to certain "Apple Services,"
not any actual damage to their property. Such alleged "injury" cannot support a trespass to
chattels claim. *See In re Apple & ATTM Antitrust Litig.*, 2010 WL 3521965, at *6 (noting that
while the "loss of use of commercial email servers in a large corporation for a 'substantial' or
'measurable' amount of time could constitute an injury for the purpose of trespass to chattels, that
factual circumstance stands in sharp contrast to loss of use of a personal phone for a few days.").
Nowhere in the FAC do Plaintiffs allege that they permanently lost the use of their Apple devices,
and certainly not caused by 2FA. *Cf. Grace v. Apple Inc.*, No. 17-CV-00551-LHK, 2017 WL
3232464, at *13 (N.D. Cal. July 28, 2017) (denying motion to dismiss plaintiffs' trespass to
chattels claim because plaintiffs alleged that "FaceTime was *permanently* disabled on iOS6 and
earlier operating systems" through software update) (emphasis in original). Nor do Plaintiffs
allege they could not use their devices to make calls or otherwise access functionality not subject
to the 2FA process.

To allow Plaintiffs' trespass claim based on the facts alleged in the FAC would lead to
absurd results: any company that employs a login feature on their devices or systems would face
legal exposure any time a consumer forgot their password or, as here, simply complained of the
time spent logging in. (*See* FAC ¶ 5 (2FA results in a "waste of their personal time in using
additional time for simple logging in").) Indeed, California has recently passed a law to *increase*

the security of connected devices.  *See* Cal. Civ. Code § 1798.91.04 (effective Jan. 1, 2019, operative Jan. 1, 2020) (requiring manufacturers to equip "connected devices" with a "reasonable security feature or features").  The 2FA security feature does just that.  (*See* FAC ¶ 18 ("Two-factor authentication is an additional layer of security designed to ensure that you're the only person who can access your account.").)  The alleged delay of "minutes" and temporary interruption in access to Plaintiffs' Apple ID accounts cannot support a trespass to chattels claim.

### 3.   Any Alleged Damage Was Not Caused by Apple.

Although Plaintiffs Bishop and Schwartz allege they could not access their Apple ID accounts for a period of time, Apple did not cause their loss of access — Plaintiffs' independent loss of their trusted device caused any harm they allegedly experienced.  (*See* FAC ¶¶ 21-22.) Plaintiffs' failure to maintain possession of a trusted device falls outside of Apple's control and is a superseding cause of Plaintiffs' alleged damages.  *See Thrifty-Tel, Inc. v. Bezenek*, 46 Cal. App. 4th at 1566 ("Trespass to chattel, although seldom employed as a tort theory in California . . . lies where an intentional interference with the possession of personal property has *proximately caused* injury.") (emphasis added).  Even if Plaintiffs could establish sufficient "damage" to their phones to prove a trespass to chattels claim, Apple's conduct did not cause this "damage."

### D.   Plaintiffs Fail to State a Wiretap Claim Under CIPA.

The Court should not entertain Plaintiffs' attempt to stretch their allegations into a claim under section 631 of CIPA, California's wiretap statute that targets eavesdropping upon private communications.  *See* Cal. Penal Code § 630 (explaining the Legislature's intent in creating CIPA based on the "development of new devices and techniques for the purpose of eavesdropping upon private communications"); *Ribas v. Clark*, 38 Cal. 3d 355, 359 (1985) ("Section 631 was aimed at one aspect of the privacy problem — eavesdropping, or the secret monitoring of conversations by third parties.").  To state a claim under section 631, Plaintiffs must allege that Apple (1)"by means of any machine, instrument, or contrivance, or in any other manner" (2) "willfully and *without the consent* of all parties to the communication, or in *any unauthorized manner*" (3) "reads, or attempts to read, or to learn the *contents or meaning* of any message, report, or

1   communication" (4) while the communication is "in transit."  Cal. Penal Code § 631(a) (emphasis

2   added).  Plaintiffs' factual allegations cannot establish these required elements.

3          *First*, Plaintiffs' CIPA wiretap claim fails because Apple was a party to any 2FA

4   communications that allegedly took place.  CIPA prohibits "*third-party* access to ongoing

5   communications."  *In re Facebook Internet Tracking Litig.*, 263 F. Supp. 3d at 845 (internal

6   citation omitted) (emphasis in original).  In *In re Facebook Internet Tracking Litigation*, the court

7   dismissed the plaintiffs' CIPA and federal Wiretap Act claims because the defendant could not

8   intercept or eavesdrop on a communication to which it was a party.  *Id.* at 844-45.  The same

9   reasoning requires dismissal of Plaintiffs' claims here.  *See NovelPoster v. Javitch Canfield Grp.*,

10  140 F. Supp. 3d 938, 954 (N.D. Cal. 2014) ("The analysis for a violation of CIPA is the same as

11  that under the federal Wiretap Act.").  Plaintiffs do not allege facts explaining how "requiring

12  extra logging steps" through 2FA allows Apple to acquire *any* of Plaintiffs' confidential

13  electronic communications.  (FAC ¶ 54.)  While Plaintiffs generically assert that Apple

14  intercepted "electronic communications between Plaintiff, Class Members, its own Web or Cloud

15  based services and Third-Party Apps," (*id.* ¶ 55), Plaintiffs do not identify any communications

16  that were "intercepted" by Apple.  To the extent that Plaintiffs claim the 2FA steps somehow

17  constitute communications, (*id.* ¶ 17), 2FA allegedly permits Apple users to communicate *to*

18  *Apple* that they are the true owner of an Apple ID, and Apple is a party to and the originator or

19  intended recipient of the communications related to the 2FA process.  Vague, conclusory

20  allegations to the contrary cannot save Plaintiffs' CIPA claim from dismissal.  *See Powell v.*

21  *Union Pac. R. Co.*, 864 F. Supp. 2d 949, 956 (E.D. Cal. 2012) (dismissing CIPA claim "[g]iven

22  the settled nature of the third-party focus of section 631" because the defendant was a party to the

23  call that plaintiff alleged as the basis for his section 631 claim); *accord Rogers v. Ulrich*, 52 Cal.

24  App. 3d 894, 899 (1975) ("[O]nly a third party can listen secretly to a private conversation.").

25         *Second,* Plaintiffs have not alleged facts to show how Apple "used a 'machine, instrument,

26  or contrivance' to obtain the contents of any communication."  *In re Facebook Internet Tracking*

27  *Litig.*, 140 F. Supp. 3d 922, 937 (N.D. Cal. 2015) (quoting Cal. Penal Code § 631(a)) (dismissing

28  plaintiffs' CIPA claim because they did not plead facts showing how cookies are a "machine,

1  instrument, or contrivance").  Without alleging any facts to establish this element, Plaintiffs'

2  CIPA claim fails.

3      *Third*, Plaintiffs cannot establish a CIPA claim because a communication must be

4  intercepted in an "unauthorized manner" to satisfy the statute's requirements.  Cal. Penal Code

5  § 631(a).  As discussed in section IV.C.1, *supra*, and sections IV.E.1, IV.F.1, *infra*, each and

6  every Plaintiff authorized Apple to enable 2FA, and thus authorized any communications Apple

7  allegedly intercepted during the 2FA process.

8      *Fourth*, Plaintiffs fail to allege what "contents" of any "communication" Apple allegedly

9  intercepted.  Courts in this district often analyze, and dismiss, CIPA claims based on the same

10  analysis used for claims under the federal Wiretap Act.  *NovelPoster*, 140 F. Supp. 3d at 954; *see*

11  *also Opperman v. Path*, 87 F. Supp. 3d 1018, 1063-65 (N.D. Cal. 2014) (summarily dismissing

12  CIPA claim for the same reasons the Wiretap Act claim was dismissed); *Hernandez v. Path, Inc.*,

13  No. 12–cv–1515–YGR, 2012 WL 5194120, at *5 (N.D. Cal. Oct. 19, 2012) (same).  "Contents,"

14  a term used in both CIPA and the federal Wiretap Act, is defined as "any information concerning

15  the substance, purport, or meaning of that communication."  18 U.S.C. § 2510.  Various types of

16  information are excluded from this definition of "contents," including the "geographic location of

17  a mobile device at any given time" and "mere record information" like usernames because such

18  information does not disclose the "substance, purport, or meaning" of any communication."  *In re*

19  *Carrier IQ, Inc.*, 78 F. Supp. 3d 1051, 1082-83 (N.D. Cal. 2015) (citing *Cousineau v. Microsoft*

20  *Corp.*, 992 F. Supp. 2d 1116, 1127 (W.D. Wash. 2012) and *In re Zynga Privacy Litig.*, 750 F.3d

21  1098, 1107 (9th Cir. 2014) (dismissing Wiretap Act claim for interception of usernames and

22  passwords because they do not implicate "content" information)).  Here, Plaintiffs do not allege

23  what "contents of electronic communication" Apple allegedly intercepted.  (FAC ¶ 55.)  The only

24  potential information referenced in the entire FAC is login activity.  (*See, e.g.*, *id.* ¶ 4.)  But login

25  activity, like usernames and geographic location of a device, cannot constitute the "contents" of

26  any communication for CIPA purposes.

27      *Fifth*, Plaintiffs allege no facts establishing that any "interception" occurred while the

28  communication is "in transit."  *Quigley v. Yelp, Inc.*, No. 17-CV-03771-RS, 2018 WL 7204066,

1   at \*4 (N.D. Cal. Jan. 22, 2018) (dismissing CIPA section 631 claim because plaintiff "has not

2   alleged facts giving rise to an inference that his communications were intercepted while 'in

3   transit'").  Plaintiffs' CIPA claims therefore fails on this ground as well.

4          Indeed, because section 631 is a criminal statute, the Court must construe the statute

5   narrowly and not extend it to prohibit conduct that it does not clearly encompass.  *LVRC Holdings*

6   *LLC v. Brekka*, 581 F.3d 1127, 1134 (9th Cir. 2009) (refusing to interpret criminal statute to

7   encompass more than what is specifically prohibited because "[t]he Supreme Court has long

8   warned against interpreting criminal statutes in surprising or novel ways that impose unexpected

9   burdens on defendants").  Section 631 is geared towards "eavesdropping, or the secret monitoring

10  of conversations by third parties."  *Ribas*, 38 Cal. 3d at 359.  No such eavesdropping is alleged

11  here, and the only communications specifically alleged in the FAC are communications to which

12  Apple was a party.  Plaintiffs' attempt to stretch CIPA well past its statutory limits should be

13  rejected.

14                     **E.     Plaintiffs' CFAA Claim Should Be Dismissed.**

15         The CFAA prohibits intentional activity on the part of defendants, either by accessing a

16  computer without authorization or exceeding authorized access, to obtain information from a

17  protected computer or cause the transmission of some code, and thereby causing damage to the

18  protected computer.  18 U.S.C. §§ 1030(a)(2)(C), (a)(5)(A)-(C).  The CFAA "is to be applied

19  narrowly to punish hacking."  *Lakeland Tours, LLC v. Bauman*, No. 13CV2230-CAB-JMA, 2014

20  WL 12570970, at \*4 (S.D. Cal. Feb. 11, 2014) (citing *United States v. Nosal*, 676 F.3d 854, 863

21  (9th Cir. 2012) (en banc)).  To maintain a CFAA claim, Plaintiffs must also plausibly allege facts

22  demonstrating damage or economic loss of an aggregate value of at least $5,000 in a one-year

23  period.  18 U.S.C. § 1030(c)(4)(A).  Other than conclusory statements parroting statutory

24  language, Plaintiffs assert no allegations to support this claim and thus fall short of stating a

25  CFAA claim.

26

27

28

1         **1.**      **Plaintiffs Fail to Allege Any "Access" By Apple That Was "Without Authorization" or "Exceeded Authorization."**

Plaintiffs do not allege that Apple engaged in any type of conduct the CFAA forbids. Critical to a CFAA claim is that the access to a protected computer is "without authorization" or "exceeded authorization." 18 U.S.C. § 1030(a)(2)(c), (5)(A)-(C). To the extent that Plaintiffs are claiming that a software update enabling 2FA constituted "access" to Plaintiffs' devices, Plaintiffs acknowledge that any such "access" occurred with their consent. (*See* section IV.C.1, *supra,* section IV.F.1, *infra.*) Courts in this District "have reasoned that users who voluntarily installed software 'would have serious difficulty' pleading unauthorized access under the CFAA." *In re Apple Inc. Device Performance Litig.*, 347 F. Supp. 3d 434, 452 (N.D. Cal. 2018) (dismissing CFAA claims under § 1030(a)(5)(C) based on software update because the access was not "without authorization"); *see also In re Apple & ATTM Antitrust Litig.*, 2010 WL 3521965, at *7 ("Voluntary installation runs counter to . . . CFAA's requirement that the alleged act was 'without authorization.'"). Because Plaintiffs voluntarily installed a software update or otherwise permitted the alleged "access" to their devices, their CFAA claims should be dismissed. *See In re Sony PS3 Other OS Litig.*, 551 F. App'x 916, 923 (9th Cir. 2014) (affirming dismissal of CFAA claim because "Plaintiffs voluntarily installed the relevant software update," and thus "cannot allege actionable 'access' under the CFAA").

Any allegation that Apple "exceeded authorization" similarly falls flat. On top of Plaintiffs' consent to enable 2FA, Plaintiffs' own allegations show they had a reasonable opportunity to terminate their authorization to enable 2FA, but elected not to do so. Plaintiffs allege that Apple sent out an email that spelled out what 2FA is and provided Apple ID owners a link to return to the previous security settings within two weeks. (FAC ¶ 18.) Plaintiffs cannot plausibly allege that Apple exceeded authorization by enabling 2FA for Apple ID when there was consent to 2FA *and* an opportunity to revoke that consent. *Cf. Synopsys, Inc. v. Ubiquiti Networks, Inc.*, 313 F. Supp. 3d 1056, 1070 (N.D. Cal. 2018) (alleging "hidden anti-piracy software" sufficient to allege "exceeds authorization" portion of CFAA claim because plaintiffs were unaware that anti-privacy software had been installed).

1    Plaintiffs' pleading deficiencies are unsurprising given that the CFAA is intended to

2    combat destructive computer hacking, not to disallow standard industry security practices, like

3    2FA, intended to prevent the type of unauthorized access the statute proscribes.  *See Brekka*, 581

4    F.3d at 1130 ("The [CFAA] was originally designed to target hackers who accessed computers to

5    steal information or to disrupt or destroy computer functionality[.]"); *Shamrock Foods Co. v.*

6    *Gast*, 535 F. Supp. 2d 962, 965 (D. Ariz. 2008) (finding that the "legislative history supports a

7    narrow view of the CFAA").  The Court should reject Plaintiffs' attempt to turn the CFAA on its

8    head by using it to challenge activity that *protects against* unauthorized access to Plaintiffs'

9    Apple ID accounts.

10    Given that Plaintiffs authorized the use of 2FA for Apple ID on their devices and Apple

11    did not exceed that authorization, the Court should dismiss the CFAA claim.

12               **2.     Plaintiffs' Conclusory Allegation of Statutory Loss or Harm Is
                         Also Fatal to Their CFAA Claim.**

13

14    The Court should also dismiss the claim because Plaintiffs have not alleged a loss

15    sufficient to support a civil CFAA claim.  To establish a private right of action under the CFAA,

16    Plaintiffs must allege *facts* showing that "there was loss to one or more persons during any one-

17    year period aggregating at least $5,000 in value" resulting from Apple's "damage" to a protected

18    computer.  *Brekka*, 581 F.3d at 1132 (interpreting 18 U.S.C. §§ 1030(a)(2)(C), (a)(4)(i)(I), (g)).

19    Plaintiffs have not offered a single fact demonstrating that Apple caused the loss of any

20    money, let alone $5,000.  Rather, they make a conclusory and formulaic recitation that they

21    suffered "economic loss with an aggregated value of at least $5,000 during a one-year period"

22    without alleging any facts to support that conclusion.  (FAC ¶ 76.)  That single, conclusory

23    allegation does not come close to satisfying Plaintiffs' burden to survive a motion to dismiss.

24    *See, e.g.*, *NovelPoster*, 140 F. Supp. 3d at 949 (finding that allegation of loss in excess of $5,000

25    without other factual details was "nothing more" than a conclusory allegation "insufficient to

26    sustain a CFAA claim"); *DocMagic, Inc. v. Ellie Mae, Inc.*, 745 F. Supp. 2d 1119, 1150 (N.D.

27    Cal. 2010) (finding that such a bare allegation "is insufficient to satisfy the CFAA's loss

28    requirement").

Without any allegations supporting a $5,000 loss resulting from Apple's purported conduct, Plaintiffs do not plead the required damages to state a claim. *See In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (noting that the court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences").

## F.    Plaintiffs' CCCL Claim Fails.

The CCCL is California's analog to the CFAA, and the Court should dismiss Plaintiffs' CCCL claim for similar reasons. Plaintiffs allege violations of five subdivisions of section 502(c) of the CCCL. To attempt to state a claim under the following identified sections of 502(c), Plaintiffs assert only conclusory allegations that Apple knowingly accessed and without permission: (c)(1) altered a computer system to "wrongfully control" Plaintiffs' devices; (c)(3) used or caused to be used Plaintiffs' Apple Services and Third-Party Apps; (c)(4) added the 2FA program to Plaintiffs' devices; (c)(5) disrupted access to devices, Apple Services, or Third-Party Apps to "an authorized user" of such computer, computer system, or computer network; and (c)(7) accessed any computer, computer system, or network. Cal. Penal Code § 502(c)(1), (3)-(5), (7).

### 1.    Apple Enabled 2FA With Plaintiffs' Permission.

This claim cannot survive because Apple enabled 2FA with Plaintiffs' permission. This District has interpreted the phrase "without permission" under the CCCL to "require that the defendant have accessed the computer system 'in a manner that overcomes technical or code-based barriers.'" *Flextronics Int'l, Ltd. v. Parametric Tech. Corp.*, No. 5:13-CV-00034-PSG, 2014 WL 2213910, at *4 (N.D. Cal. May 28, 2014) (*quoting In re iPhone Application Litig.*, Case No. 5:11–md–02250–LHK, 2011 WL 4403963, at *12 (N.D. Cal. Sept. 20, 2011)). Plaintiffs allege no such "barriers" that Apple allegedly overcame to access Plaintiffs' devices. In fact, any alleged "control" or "use" Apple exerted through 2FA was done with Plaintiffs' permission twice over: first, when Plaintiffs voluntarily installed the software update with 2FA or otherwise specifically enabled 2FA, and second, when Plaintiffs who received a link to revert back to their old security settings opted not to revoke that permission. (*See* sections IV.C.1, IV.E.1, *supra*.)

1
2
3
4
5
6
7
8

Plaintiffs' decision to permit the activation of 2FA defeats their CCCL claims.  *See In re Apple & ATTM Antitrust Litig.*, 2010 WL 3521965, at *7 ("Voluntary installation runs counter to . . . [the CCCL's] requirement that the act was 'without permission.'"); *Flextronics Int'l, Ltd.*, 2014 WL 2213910, at *4 (collecting cases that "hold that when software containing 'surreptitious code' is installed voluntarily by a plaintiff, a defendant has not accessed the plaintiff's computer 'without permission,' even if the plaintiff was unaware of the 'surreptitious code' when he or she installed the software.").  As with the rest of Plaintiffs' claims, their CCCL claim should be dismissed because Plaintiffs consented to 2FA.

9
10

### 2. Plaintiffs Do Not Allege Any Facts to Support Other Required Elements of Their CCCL Claims.

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Plaintiffs use boilerplate language to assert that Apple violated various subsections of the CCCL, and that alone is cause to dismiss their claim.  *See Gonzales v. Uber Techs., Inc.*, 305 F. Supp. 3d 1078, 1090 (N.D. Cal. 2018) ("These boilerplates allegations [of section 502 claims] do not survive Rule 8.").  For example, Plaintiffs assert that Apple altered their devices to "wrongfully control" them under section 502(c)(1), but do not allege that they were unable to use their devices as they wished, other than a temporary delay in accessing certain "Services" and unidentified apps on those devices.  (FAC ¶ 60.)  Plaintiffs also conclusorily allege that Apple "used and caused to be used Plaintiffs' and Class Members' Apple Services and Third-Party Apps" without alleging any facts to put Apple on notice of what "Services" and apps Apple supposedly used and how Apple used Plaintiffs' Services and apps in any improper way.  (*Id.* ¶¶ 61, 65.)  Indeed, Plaintiffs do not allege facts showing that Apple "used" Plaintiffs' Services and Third-Party apps at all.  Nor can Plaintiffs show a violation under section 502(c)(5) based on the alleged disruption of access owed to an "authorized user."  Because 2FA is designed to ensure that only "authorized users" have access to Apple ID owners' accounts, 2FA does ***not*** disrupt access to those who have been identified as an "authorized user."  "Neither [defendant] nor the Court should have to guess how Plaintiff contends these subsections were violated."  *Gonzales*, 305 F. Supp. 3d at 1090 (N.D. Cal. 2018).  Therefore, the Court should dismiss Plaintiffs' CCCL claims.

1

### G.      The Court Should Dismiss Plaintiffs' Unjust Enrichment Claim.

2      Finally, if Plaintiffs are asserting an unjust enrichment claim under California law, this

3   claim fails because "[u]njust enrichment is not a cause of action, just a restitution claim."  *Low v.*

4   *LinkedIn Corp.*, 900 F. Supp. 2d 1010, 1031 (N.D. Cal. 2012) (quoting *Hill v. Roll Int'l Corp.*,

5   195 Cal. App. 4th 1295, 1307 (2011)).  This Court has repeatedly dismissed unjust enrichment

6   claims on that basis alone.  *See, e.g.*, *id.* (dismissing unjust enrichment claim with prejudice

7   because "this claim is not recognized in California as a matter of law"); *Pirozzi v. Apple, Inc.*, 966

8   F. Supp. 2d 909, 924 (N.D. Cal. 2013) (dismissing unjust enrichment claim without leave to

9   amend); *In re iPhone Application Litig.*, 844 F. Supp. 2d at 1076 (same).

10      This claim also fails as to Plaintiff Brodsky and the putative class because it is barred by

11   the applicable two-year statute of limitations.  *See Huluwazu v. Snyder*, No. 17-CV-03386-LHK,

12   2017 WL 5991865, at *5 (N.D. Cal. Dec. 4, 2017) ("[a]n unjust enrichment cause of action would

13   typically be covered by the two-year limitations" of California Code of Civil Procedure § 339(1)).

14   Plaintiff Brodsky enabled 2FA for his Apple ID through a software update in September 2015,

15   and Plaintiffs' proposed class period "began when Apple introduced 2FA in 2015," four years

16   ago.  (FAC ¶¶ 19, 28.)  This action, filed in 2019, falls far outside the two-year limit and should

17   therefore be dismissed.  *See Huluwazu*, 2017 WL 5991865, at *5 (dismissing unjust enrichment

18   claim asserted outside of the two-year statute of limitations period as untimely).

19   ### V.      CONCLUSION

20      For the foregoing reasons, Apple respectfully requests that the Court dismiss Plaintiffs'

21   entire FAC.

22

23

24

25

26

27

28

1

2
Dated:  May 1, 2019                    MORRISON & FOERSTER LLP

3

4
By:  */s/ Tiffany Cheung*
                                             Tiffany Cheung
5
                                             Attorneys for Defendant
6                                            APPLE INC.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28