Peter R Afrasiabi (SBN 193336)
pafrasiabi@onellp.com
Deepali A. Brahmbhatt (SBN 255646)
dbrahmbhatt@onellp.com
ONE LLP
4000 MacArthur Blvd., East Tower, Suite 500
Newport Beach, CA 92660
Telephone:    (949) 502-2870
Facsimile:     (949) 258-5081

John E. Lord (SBN 216111)
jlord@onellp.com
ONE LLP
9301 Wilshire Blvd., Penthouse Suite
Beverly Hills, CA 90210
Telephone:    (310) 866-5157
Facsimile:     (310) 943-2085

Attorneys for Plaintiffs
Jay Brodsky, Brian Tracey,
Alex Bishop and Brendan Schwartz

DAVID M. WALSH (CA SBN 120761)
DWalsh@mofo.com
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, California 90017-3543
Telephone: 213.892.5200
Facsimile: 213.892.5454

TIFFANY CHEUNG (CA SBN 211497)
TCheung@mofo.com
LAUREN L. ERKER (CA SBN 291019)
LErker@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

ERIN P. LUPFER (CA SBN 317994)
ELupfer@mofo.com
MORRISON & FOERSTER LLP
12531 High Bluff Drive
San Diego, California 92130-2040
Telephone: 858.720.5100
Facsimile: 858.720.5125

Attorneys for Defendant
APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JAY BRODSKY, BRIAN TRACEY, ALEX BISHOP and BRENDAN SCHWARTZ, each on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>APPLE INC., a California corporation,<br><br>Defendant. | Case No. 5:19-cv-00712-LHK<br><br>**JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER** |

Pursuant to the Northern District of California's Standing Order regarding the content of the Joint Case Management Statement and Proposed Order, the Local Rules of the Northern District of California and the Federal Rules of Civil Procedure, Plaintiffs Jay Brodsky, Brian Tracey, Alex Bishop and Brendan Schwartz ("Plaintiffs") and Defendant Apple, Inc. ("Apple" or "Defendant") hereby submit this Joint Case Management Statement and Proposed Order.

## I. JURISDICTION AND SERVICE

No issues exist at this time regarding personal or subject matter jurisdiction, service of process, or venue. No party remains to be served.

## II. FACTS

**Plaintiffs' Statement**

This class action seeks to protect the privacy of individuals and the right to use their own devices. This is not a class action against security. On February 8, 2019, Plaintiff Brodsky filed the Class Action Complaint in this action on behalf of himself and all others similarly situated asserting trespass to personal property, violation of the invasion of privacy act California Penal Code § 630, et seq., Violation of the Computer Crime Law ("CCL") California Penal Code § 502, violation of the Computer Fraud and Abuse Act ("CFAA") 18 U.S.C. § 1030, et seq., and unjust enrichment. (ECF No. 1.)

After filing suit, Plaintiff's counsel was contacted by several other individuals complaining about similar issues outlined in the Complaint. Plaintiff's counsel diligently investigated adding some of these individuals as plaintiffs. On March 19, 2019, Plaintiffs Brodsky, Tracey, Bishop and Schwartz filed the First Amended Complaint ("FAC", ECF No. 13). The four Plaintiffs included in the FAC all purchased Apple devices where two-factor authentication ("2FA") was enabled either by default, software update, or by accident. Once enabled, Apple does not allow any mechanism to disable 2FA. An email that may be sent in some circumstances does not provide notice of the restrictive terms of inability to disable 2FA. At a high level, Apple's 2FA policy requires the user to access another trusted device (not the device the user is currently trying to log into) to retrieve a six-digit verification code. As is common, Plaintiffs' access to a trusted device is not always feasible, resulting in loss of use of Plaintiffs' own devices and without access to Apple services or third-party apps, for significant periods of time, including numerous days and weeks. As

of the date of this case management statement, Plaintiffs' counsel has been contacted by additional individuals complaining of identical issues with two-factor authentication.

**The principal factual issues in dispute include**:

1. Whether Apple engaged in the conduct that is trespass of Plaintiffs owned devices, invasion of privacy, violation of CCL, violation of CFAA and unjust enrichment.

2. Whether Apple's 2FA policy regarding not allowing users to disable 2FA is coercive and extraneous for a user to log on to his own personal device and/or access Apple Services and Third-Party Apps.

3. Whether Apple's creation and enforcement of its 2FA policy is uniform for all Plaintiffs and Class Members meeting all the requirements of Class Certification;

4. Whether Apple's tracking of Plaintiffs' and Class Members' login activities is lawful; and

5. Whether Plaintiffs and members of the Class are injured and harmed directly by inaccessibility to their own devices and Apple Services by Apple's conduct of creating and enforcing its 2FA policy.

**Defendant's Statement**

2FA provides security for one's Apple ID that is designed to ensure that only the true owner can access the iCloud account and other information associated with that particular Apple ID, including financial accounts such as ApplePay. Apple offers 2FA to protect Apple users from third-party, unauthorized access to their Apple ID accounts. With 2FA, a device user's personal data associated with his or her Apple ID has enhanced security even if someone determines the user's Apple ID password because 2FA seeks confirmation of the user's true identity before allowing access to the user's personal and private data.

Plaintiffs allege that their own decisions to enable 2FA and Apple IDs protected by 2FA, and to decline the opportunity to disable 2FA, gives rise to five causes of action against Apple for: (1) trespass to chattels; (2) violation of the California Invasion of Privacy Act ("CIPA"), California Penal Code § 631; (3) violation of the California Computer Crime Law ("CCCL"), California Penal Code § 502; (4) violation of the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. §§ 1030, *et seq.*; and (5) unjust enrichment. All of these claims rely on the theory that Apple lacked authorization to provide 2FA security for Plaintiffs' Apple IDs and that Plaintiffs somehow suffered damages caused by the security measure.

Plaintiff Brodsky filed the original class action complaint on February 8, 2019, but did not serve this complaint on Apple. (ECF No. 1.) Over a month later, Plaintiff Brodsky filed the FAC, adding Plaintiffs Tracey, Bishop, and Schwartz, and new allegations related to those plaintiffs. (ECF No. 13.) Although Plaintiffs have asserted common law claims, they fail to allege their state(s) of residence in either complaint.

**The principal factual issues in dispute include:**

1. Whether Plaintiffs each authorized the use of 2FA for their Apple ID accounts.
2. Whether Plaintiffs experienced any cognizable damage as a result of Apple's actions.
3. Whether Apple exceeded Plaintiffs' authorization by providing 2FA security for their Apple ID accounts.
4. Whether Apple intercepted any contents of any communications between Plaintiffs and any third party by offering the 2FA security feature.
5. Whether Apple improperly obtained information from Plaintiffs' Apple devices by offering the 2FA security feature.
6. Whether Apple wrongfully controlled Plaintiffs' Apple devices by offering the 2FA security feature.
7. Whether Apple used Plaintiffs' Apple Services and third-party apps by offering the 2FA security feature.
8. Whether individualized issues, including regarding each user's authorization and desire to have 2FA, will predominate over any common questions.

III.  **LEGAL ISSUES**

**Plaintiffs' Statement**

1. Whether Apple is liable for engaging in the conduct that is trespass of Plaintiffs owned devices, invasion of privacy, violation of CCL, violation of CFAA and unjust enrichment.
2. Whether Apple is liable for Apple's 2FA policy regarding not allowing users to disable 2FA is coercive and extraneous for a user to log on to his own personal device and/or access Apple Services and Third-Party Apps.
3. Whether class certification is proper with Apple's creation and enforcement of its 2FA policy is uniform for all Plaintiffs and Class Members;

  4. Whether Plaintiffs and members of the Class are entitled to damages due to Apple's conduct; and if so, in what amounts; and

  5. Whether Plaintiffs and members of the Class are entitled to equitable relief, including, but not limited to, restitution or injunctive relief.

### Defendant's Statement

Apple identifies the following legal issues:

  1. Whether Plaintiffs can meet their burden of pleading and proving any claim for trespass to chattels.

  2. Whether Plaintiffs can meet their burden of pleading and proving any violation of CIPA.

  3. Whether Plaintiffs can meet their burden of pleading and proving any violation of the CCCL.

  4. Whether Plaintiffs can meet their burden of pleading and proving any violation of the CFAA.

  5. Whether Plaintiffs can meet their burden of pleading and proving any claim for unjust enrichment.

  6. Whether Plaintiffs are entitled to any relief for any claim.

  7. Whether Plaintiffs can meet their burden of establishing the prerequisites for certifying any class.

## IV. MOTIONS

### Plaintiffs' Statement

Apple has filed a motion to dismiss the FAC on May 1, 2019. (ECF No. 32.) Plaintiffs oppose the motion to dismiss. The motion is currently set for hearing on August 22, 2019 at 1:30 pm. (ECF No.32.) Plaintiffs anticipate filing a Motion for Protective Order and Stipulation related to discovery of Electronically Stored Information (ESI). Plaintiffs expect to file a motion to certify the Class and summary judgment motions.

### Defendant's Statement

Apple filed a motion to dismiss the FAC on May 1, 2019. (ECF No. 32.) If granted, Apple's motion to dismiss will dispose of the entire case. Should this case survive the pleadings stage, Apple anticipates filing a motion for summary judgment.

## V. AMENDMENT OF PLEADINGS

Plaintiffs have already amended their allegations to add additional plaintiffs and allegations in their FAC. Plaintiffs may move to amend the FAC to add additional plaintiffs. Additionally, Plaintiffs amendment of the pleadings is contingent upon the Court's ruling on Apple's motion to dismiss.

Apple opposes any further amendment to the pleadings to add claims or parties without leave of the Court.

## VI. EVIDENCE PRESERVATION

The Parties are complying in good faith with their obligations to preserve potentially relevant documents. The Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and have met and conferred pursuant to Federal Rule of Civil Procedure 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues in this action.

## VII. DISCLOSURES

**Plaintiffs' Statement**

Pursuant to Federal Rule of Civil Procedure 26, Plaintiffs request that the Parties exchange Initial Disclosures by May 15, 2019. Plaintiffs have served their disclosures on May 15, 2019. Apple has requested deviation from the application of the Federal Rules, and has not agreed to serve its initial disclosures until after the August 22, 2019, hearing date on its Motion to Dismiss.

The Parties reserve their right to amend such disclosures as discovery progresses.

**Defendant's Statement**

It is not efficient to proceed with initial disclosures and discovery until Plaintiffs have established that they can state a claim and if so, which claims are at issue. Notwithstanding Plaintiffs' failure to serve the original Complaint on Apple, their filing of an FAC over a month after filing the Complaint, and Apple's pending motion to dismiss the entire FAC, Plaintiffs refused to agree to any extension of the deadline for initial disclosures. Apple has therefore served its initial disclosures based on its current understanding of Plaintiffs' deficient claims.

Apple reserves its right to amend its initial disclosures as discovery progresses.

## VIII. DISCOVERY

### A. Discovery Taken To Date

**Plaintiffs' Statement**

Plaintiff Brodsky propounded his first set of interrogatories and Plaintiffs propounded their requests for production on Apple on May 7, 2019. Apple's proposal to stay all discovery pending ruling on motion to dismiss unfairly prejudices Plaintiffs. The propounded discovery is necessary for Plaintiffs to prosecute this action in a timely fashion including acquiring discovery supporting their class certification motion.

**Defendant's Statement**

Discovery is premature until the Court has decided the pending motion to dismiss. If granted, the motion would dispose of the entire case. *See Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) (idea that party may conduct discovery at pleadings stage is "unsupported and defies common sense"; defendants must be able "to challenge the legal sufficiency of complaints without subjecting themselves to discovery"); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557-60 (2007) (plaintiff with "largely groundless claim" should not "be allowed to take up the time of a number of other people, with the right to do so representing an in terrorem increment of the settlement value") (citation and internal quotations omitted). There is no prejudice to Plaintiffs if discovery does not proceed until after the Court determines whether Plaintiffs can state a claim. Under Apple's proposed discovery schedule, Plaintiffs will have adequate time to obtain discovery before filing their class certification motion.

### B. Scope of Anticipated Discovery

The Parties intend to pursue discovery in the form of requests for production of documents and things, interrogatories, depositions, requests for admissions and other forms of discovery authorized by the Federal Rules. *See also*, Section F, Discovery Plan below.

### C. Proposed Limitations or Modifications to the Discovery Rules

At this time, the limitations on discovery imposed by the Federal Rules of Civil Procedure shall apply, absent a stipulation by the Parties and the Court's order.

The Parties have agreed to accept service of discovery requests, discovery responses and other documents that are not served through the ECF system by email. Service by email will be treated as service by U.S. mail. Where voluminous documents are not practicably transmitted by email, the Parties further

agree to accept service by other reasonable and mutually agreed electronic means so long as the sender provides sufficient instructions on how to access the documents, and confidential information is secure. The Parties further agree that a document is deemed served on a particular day if it (or an email providing access to it) is received by 11:59 p.m. Pacific Time on that calendar day.

### D.   E-Discovery

**Plaintiffs' Statement**

Plaintiffs seek to meet and confer with regard to a detailed plan for discovery of electronically stored information. After the receipt of initial disclosures, the Parties plan to discuss and attempt to agree on lists of custodians and search terms to be employed for electronic discovery. Apple shall design and implement a plan for a rolling production of documents that can be located without search terms.

On May 7, 2019 Plaintiffs proposed the [MODEL] STIPULATED ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION FOR STANDARD LITIGATION provided by E-Discovery Guidelines by the Court.

**Defendant's Statement**

It is premature to begin to meet and confer regarding a plan for discovery of electronically stored information until Plaintiffs have established that they can state any claim based on Apple's provision of a security feature designed to protect against unauthorized access to personal and private information. *See Rutman Wine Co.*, 829 F.2d at 738; *Twombly*, 550 U.S. at 557-60.

### E.   Protective Order

**Plaintiffs' Statement**

Plaintiffs anticipate filing a Motion for Protective Order for discovery related to Apple's 2FA source code and internal servers tracking and maintaining Apple ID logins and access to devices, Apple Services and Third-Party Apps.

Plaintiffs' propose that the parties agree that they may not refuse to produce or delay in producing discovery based on the absence of a Stipulated Protective Order. While the parties negotiate the terms of a Stipulated Protective Order, they agree that confidentiality will be governed by the provisions of the "Patent Local Rule 2-2 Interim Model Protective Order" that is posted on the N.D. Cal. website (*see* http://www.cand.uscourts.gov/modelprotective-orders).

**Defendant's Statement**

It is not appropriate to begin the production of highly confidential or proprietary documents and information before the Parties have met and conferred regarding an appropriate protective order and such an order has been entered. Additionally, this action does not involve patents and the Patent Local Rules are therefore inapplicable. Apple reserves all rights to object to Plaintiffs' improper discovery requests, including requests for Apple's proprietary source code that is not relevant in this consumer action.

**F.   Logs of Privileged Documents**

The Parties anticipate that during discovery, certain documents will need to be withheld on the basis of the attorney-client privilege or work product doctrine. The parties anticipate entering a stipulated ESI discovery protocol that includes specifications for logs of privileged documents.

**G.   Discovery Plan Under Rule 26(f)**

  i.   **Rule 26(f)(3)(A): What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made.**

**Plaintiffs' Statement**

Under the Fed. R. Civ. P., discovery has already begun. Plaintiffs believe that no changes should be made in the timing, form, or requirement for disclosures under Rule 26(a) or local rules. The Parties shall serve their initial disclosures on May 15, 2019 pursuant to Rule 26(a)(1)(C) and the proposed schedule.

**Defendant's Statement**

It is not efficient to proceed with discovery until Plaintiffs have established that they can state a claim and if so, which claims are at issue. Notwithstanding Plaintiffs' failure to serve the original Complaint on Apple, their filing of an FAC over a month after filing the Complaint, and Apple's pending motion to dismiss the entire FAC, Plaintiffs refused to agree to any extension of the deadline for initial disclosures. Apple has therefore served its initial disclosures based on its current understanding of Plaintiffs' deficient claims.

/ / /

/ / /

/ / /

        ii.        **Rule 26(f)(3)(B): The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.**

**Plaintiffs' Statement**

The Plaintiffs believe that discovery may be needed on several topics, including, but not limited to: (1) Apple's 2FA policy, creation, marketing and enforcement; (2) Apple's trespass of personal property Apple's invasion of privacy; (3) Apple's violation of CCL and CFAA; (4) damages, and other relief. Discovery should not be conducted in phases nor limited to or focused on particular issues.

**Defendant's Statement**

Once the Court determines that it is appropriate to proceed with discovery, Apple intends to seek discovery from Plaintiffs regarding their interactions with Apple and their consent to and use of 2FA.

        iii.       **Rule 26(f)(3)(C): Any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced.**

See Section VIII.D E-Discovery.

        iv.       **Rule 26(f)(3)(D): Any issues about claims of privilege or of protection as trial-preparation materials, including—if the Parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order.**

**Plaintiffs' Statement**

This class action is similarly situated to a patent litigation because it involves a technology company and claims involving implementation of highly sensitive confidential information and/or trade secret technology. In light of the fact that disclosure of confidential and proprietary information may be necessary, Plaintiffs propose that the parties negotiate a protective order to protect the confidentiality of discovery materials, and further agree to use the Model Protective Order for Litigation Involving Patents, Highly Sensitive Confidential Information and/or Trade Secrets from the Northern District of California as their model, with certain agreed upon modifications, which also includes provisions to protect privileged and other protected information after production. Plaintiffs propose that the parties agree that Patent Local Rule 2-2 applies here, and pursuant to Patent Local Rule 2-2, this Model Protective Order authorized by the Northern District of California shall govern discovery unless the Court enters a different protective order.

/ / /

/ / /

**Defendant's Statement**

This case is not a patent case because it does not involve any patents. In this case, it is not appropriate to begin the production of highly confidential or proprietary documents before the Parties have met and conferred regarding an appropriate protective order and such an order has been entered.

      v.    **Rule 26(f)(3)(E): What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed.**

The Parties agree that at this time the default limitations imposed under the Federal Rules of Civil Procedure apply and no other limitations should be imposed.

      vi.    **Rule 26(f)(3)(F): Any other orders that the Court should issue under Rule 26(c) or under Rule 16(b) and (c).**

**Plaintiffs' Statement**

Other than entering a protective order and an E-Discovery Order, at the present time, the Parties do not request any other orders under Rule 26(c) or under Rule 16(b) and (c).

**Defendant's Statement**

It is premature to meet and confer regarding a plan for discovery of electronically stored information until Plaintiffs have established that they can state any claim based on Apple's provision of a security feature designed to protect against unauthorized access to personal and private information. *See Rutman Wine Co.*, 829 F.2d at 738; *Twombly*, 550 U.S. at 557-60.

It is not appropriate to begin the production of highly confidential or proprietary documents before the Parties have met and conferred regarding an appropriate protective order and such an order has been entered.

**IX.  CLASS ACTIONS**

**Plaintiffs' Statement**

This is a class action lawsuit.

    A.    **Civil L.R. 16-9(b)(1): The specific paragraphs of Fed. R. Civ. P. 23 under which the action is maintainable as a class action;**

Plaintiffs bring this action pursuant to Fed. R. Civ. P. 23(a), (b)(2), and (b)(3) on behalf of themselves and the proposed Class. (EFC No. 13 at 29.)

**B.  Civil L.R. 16-9(b)(2): <u>A description of the class or classes in whose behalf the action is brought;</u>**

    i.  **Plaintiffs Proposed Class**:

All persons or entities in the United States who own or owned an Apple Watch, iPhone, iPad, MacBook, or iMac or use Apple Services that have enabled two-factor authentication ("2FA"), subsequently want to disable 2FA, and are not allowed to disable 2FA.

    ii.  **Plaintiffs Proposed SubClass-1:**

All persons or entities in the United States who own or owned an Apple Watch, iPhone, iPad, MacBook, or iMac or use Apple Services that enabled two-factor authentication ("2FA") as a mandated step for a software upgrade, subsequently want to disable 2FA, and are not allowed to disable 2FA.

    iii.  **Plaintiffs Proposed SubClass-2:**

All persons or entities in the United States who own or owned an Apple Watch, iPhone, iPad, MacBook, or iMac or use Apple Services that have enabled two-factor authentication ("2FA"), subsequently lost access to their trusted device or means to receive 2FA codes, and then want to disable 2FA, are not allowed to disable 2FA and are locked out of their devices and Services.

Excluded from the proposed class are Apple, its employees, officers, directors, legal representatives, heirs, successors, subsidiaries and affiliates, and the judicial officers and their immediate family members and associated court staff assigned to this case, as well as all persons who make a timely election to be excluded from the proposed class, subclass-1 and subclass-2.

**C.  Civil L.R. 16-9(b)(3): <u>Facts showing that the party is entitled to maintain the action under Fed. R. Civ. P. 23(a) and (b); and</u>**

Plaintiffs incorporate by reference its Class Allegations from the FAC. (ECF No. 13.) In summary, Plaintiffs assert that numerous and geographically dispersed individuals are members of the Class that is ascertainable from Apple's books and records. The action involves common questions of law and fact, i.e. Apple's uniform application of its 2FA policy. Injury of class members is typical that is harm by inaccessibility or account lockout to owned devices, Apple Services and Third-Party Apps. Plaintiffs are adequate proposed class representatives and they have retained competent and experienced counsel.

/ / /

/ / /

**D.    Civil L.R. 16-9(b)(4): <u>A proposed date for the Court to consider whether the case can be maintained as a class action.</u>**

Plaintiffs anticipate filing a Motion for Class Certification before or on October 17, 2019 after appropriate discovery has been conducted as per the proposed Schedule.

**Defendant's Statement**

Apple disputes Plaintiffs' contention that the action is properly maintainable as a class action. Apple submits that it is premature to further address class certification until Apple's motion to dismiss is decided. Apple respectfully requests that the Court convene an additional case management conference, if needed, to discuss the issue of class certification soon after it decides Apple's motion to dismiss.

**X.    RELATED CASES**

The Parties are not currently aware of any other related case or proceeding pending before another judge of this Court, or before another court or administrative body.

**XI.    RELIEF**

**Plaintiffs' Statement**

Plaintiffs seek the following relief from the Court:

1. Certify this case as a Class action on behalf of the Class and Sub-Classes defined above, appoint Plaintiffs as Class representative, and appoint their counsel as Class counsel;

2. Declare that the actions of Defendant, as set out above, violate the following:
   i.     Trespass to Personal Property (Chattels);
   ii.    California's Invasion of Privacy Act, California Penal Code § 630;
   iii.   California's Computer Crime Law, Penal Code § 502;
   iv.    Computer Fraud and Abuse Act, 18 U.S.C. § 1030; and
   v.     Unjust Enrichment;

3. As applicable to the Classes mutatis mutandis, awarding injunctive and equitable relief including, inter alia: (i) prohibiting Defendant from engaging in the acts alleged above; (ii) requiring Defendant to disgorge all of its ill-gotten gains to Plaintiffs and the other Class Members, or to whomever the Court deems appropriate; (iii) requiring Defendant to delete all data surreptitiously or otherwise collected through the acts alleged above; (iv) requiring Defendant to provide Plaintiffs and the other Class Members a means to easily and permanently decline any participation in two-factor authentication; (v)

awarding Plaintiffs and Class Members full restitution of all benefits wrongfully acquired by Defendant by means of the wrongful conduct alleged herein; and (vi) ordering an accounting and constructive trust imposed on the data, funds, or other assets obtained by unlawful means as alleged above, to avoid dissipation, fraudulent transfers, and/or concealment of such assets by Defendant;

4. Award damages, including statutory damages where applicable, to Plaintiffs and Class Members in an amount to be determined at trial;

5. Award restitution against Defendant for all money to which Plaintiffs and the Classes are entitled in equity;

6. Restrain Defendant, its officers, agents, servants, employees, and attorneys, and those in active concert or participation with them from continued access, collection, and transmission of Plaintiffs and Class Members' personal information via preliminary and permanent injunction;

7. Award Plaintiffs and Class Members:

   i. their reasonable litigation expenses and attorneys' fees;
   ii. pre- and post-judgment interest, to the extent allowable;
   iii. restitution, disgorgement and/or other equitable relief as the Court deems proper;
   iv. compensatory damages sustained by Plaintiffs and all others similarly situated as a result of Defendant's unlawful acts and conduct;
   v. statutory damages; and
   vi. permanent injunction prohibiting Defendant from engaging in the conduct and practices complained of herein;

8. For such other and further relief as this Court may deem just and proper.

**Defendant's Statement**

Apple maintains that Plaintiffs have failed to state a claim upon which relief can be granted. Apple denies that this case can properly be maintained as a class action. Apple further denies that Plaintiffs or the purported class have suffered any cognizable injury or that Plaintiffs are suffering from ongoing harm entitling them to injunctive relief. Therefore, Apple seeks dismissal of Plaintiffs' claims with prejudice.

/ / /

/ / /

## XII. SETTLEMENT AND ADR

In compliance with ADR L.R. 3-5(b), the Parties have met and conferred regarding ADR and have reached an agreement as to using private mediation as an ADR process at this time. (ECF No. 26.)

### Plaintiffs' Statement

Plaintiffs believe holding a private mediation within 120 days after the Court's scheduling conference, or earlier if agreed upon, would be most effective in resolving the Parties' disputes.

### Defendant's Statement

Apple believes that ADR is premature, and proposes that the Parties confer about ADR if any claims remain after the pleadings are settled.

## XIII. DECLINED ASSIGNMENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

The Parties have not consented to proceed before a Magistrate Judge for all purposes. (ECF No. 9.)

## XIV. OTHER REFERENCES

The Parties agree that this Action is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

## XV. NARROWING OF ISSUES

Counsel for the Parties are working cooperatively during the initial stages of this litigation, have kept an ongoing dialogue on all pertinent issues, and are confident they can work effectively together to narrow issues together as the litigation continues.

## XVI. EXPEDITED SCHEDULE

The Parties do not believe that this is the type of case that should be handled on an expedited basis pursuant to Expedited Trial Procedure of General Order No. 64.

## XVII. SCHEDULING

### Plaintiffs' Statement

Plaintiffs respectfully submit that the Court should set a schedule including a hearing on Plaintiffs' motion for class certification and a trial date. The Table below shows the currently proposed schedule by Plaintiffs.

///

///

**Defendant's Statement**

Until the Court rules on Apple's motion to dismiss, Apple believes it is premature to propose dates for class certification, designation of experts, discovery cut-off, hearing of dispositive motions, and a pretrial conference and trial. Apple's proposed deadlines, which would begin to run only if Plaintiffs can state a claim that survives the pleading stage, are in the table below.

| Event | Plaintiffs' Proposal | Defendant's Proposal |
|---|---|---|
| Initial Case Management Conference | May 1, 2019 (already occurred) | May 22, 2019 |
| Service of Initial Disclosures | May 15, 2019 | May 15, 2019 |
| ESI Stipulation and Stipulated Protected Order | June 5, 2019 | The parties will meet and confer regarding the scope of an appropriate protective order once the Court determines that it is appropriate to proceed with discovery. |
| Last day to Join Parties or Amend Pleadings | Contingent on Court's Ruling on Apple's Motion to Dismiss | 21 days after the Court's ruling on Apple's motion to dismiss |
| Deadline for Plaintiffs to designate experts in support of motion for class certification pursuant to Fed. R. Civ. P. 26(a)(2)(A) | August 29, 2019 | With the filing of Plaintiffs' class certification motion |
| Private Mediation Deadline | September 19, 2019 (120 days after Court's Case Management Conference) | It is premature to set a mediation deadline. |
| Deadline for Plaintiffs to File Motion for Class Certification and all supporting declarations, evidence and other papers | October 17, 2019 | 150 days after the Court orders the parties to proceed with discovery |
| Deadline for Apple to file opposition to Motion for Class Certification and all supporting declarations, evidence and other papers | October 31, 2019 | 42 days after Plaintiff's motion for class certification is filed |
| Deadline for Plaintiffs to file reply to Motion for Class Certification | November 7, 2019 | 21 days after Apple's opposition is filed |
| Hearing on Motion for Class Certification | February 13, 2020, or as the Court's calendar permits | At the Court's convenience |

| Event | Plaintiffs' Proposal | Defendant's Proposal |
|---|---|---|
| Deadline for parties to complete fact discovery | September 24, 2020 | 280 days after the Court orders the parties to proceed with discovery |
| Last day for opening expert reports | October 8, 2020 | 21 days after fact discovery closes |
| Last day for rebuttal expert reports | October 29, 2020 | 35 days after fact discovery closes |
| Last day for reply expert reports | November 12, 2020 | No reply expert reports necessary |
| Deadline for the parties to complete expert discovery | December 12, 2020 (30 days from last reply reports) | 21 days after the last day for rebuttal expert reports |
| Last day to file dispositive motion | January 12, 2021 (30 days from close of expert discovery) | 5 days from close of expert discovery |
| Last day to file oppositions to dispositive motions | January 26, 2021 (14 days from opening motions) | 35 days after opening motions filed |
| Last day to file reply | February 2, 2021 (7 days from opposition) | 14 days after oppositions filed |
| Meeting and disclosure prior to pretrial conference | March 19, 2021 (45 days before Trial) | Pursuant to the Court's Pretrial Standing Order |
| Last day to file objections to evidence/exhibits | April 5, 2021 | Pursuant to the Court's Pretrial Standing Order |
| Pretrial Conference | April 26, 2021 (7 days before Trial) | 7 days before Trial |
| Trial | May 3, 2021 | 150 days after expert discovery closes |

## XVIII. TRIAL

**Plaintiffs' Statement**

The Plaintiffs request a jury trial and anticipate the length of trial would be approximately five to eight days.

**Defendant's Statement**

Apple believes that the length of trial will depend on the outcome of Apple's motion to dismiss and any class certification proceedings. Until the Court rules on Apples motion to dismiss and any class certification motion, the parties do not have the necessary information to estimate the expected length of the trial in this action.

/ / /

/ / /

**XIX.   DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

Plaintiffs have filed their Certification of Interested Entities or Persons pursuant to Civil Local Rule 3-16 on February 2, 2019 (ECF No. 2) and an amended certificate on March 19, 2019 (ECF No. 14). Apple filed the Certificate of Interested Entities or Persons required by Civil Local Rule 3-15. (ECF No. 19.)

**XX.   PROFESSIONAL CONDUCT**

All attorneys of record for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**XXI.   OTHER MATTERS**

None.

Dated: May 15, 2019                ONE LLP

                                   By: /s/ John E. Lord
                                        John E. Lord
                                    Attorneys for Plaintiffs
                                    JAY BRODSKY, BRIAN TRACEY,
                                    ALEX BISHOP and BRENDAN SCHWARTZ

Dated: May 15, 2019                MORRISON & FOERSTER LLP

                                   By: /s/ Tiffany Cheung
                                        Tiffany Cheung
                                    Attorneys for Defendant
                                    APPLE INC.

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1**

I, John Lord, attest that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: May 15, 2019

                                        /s/ John E. Lord
                                        John E. Lord